*17 '-Opinión óf the Court, by
Judge Owsley.
. William Pyle, jr. the present appellant, claiming title to.‘the land .in contest under a patent which issued in his own nárpe foe four hundred acres,, brought anac *18 tion of ejectment against the appellee, Jeremiah Cra* vensi and recovered judgment at law.' *
to suit in* ° chancery.
Where aivife . %as such an equitable in-terestinlands croe for a convoy anco, the ?UI.t ,ougK -° the" name of husband and wife; but the * 001 Convey-for a conveyance to her •only.
By an assignment made by a fa-choatef title*'' to land belonging-to his theintcrestof the son is not transferred or aflcctcd.
If it is done under -apow■er of attorney from the in-ihor, it is qually void, as if dono without any colour of au-. thonty-
*18 Cravens then exhibited his bill in equity,- in which he sets Op an alleged equity, asks and obtains-an injunction against the judgment at law, and prays that on a ^earing R>e title of Pyle may be decreed to him, and- general relief, &c.
iv it appears that the patent issued-,.to the appellant,, jim. upon a survey made in .his name inT virtu'e of a. county court certificate for four hundred acres of land, which appears also to have been grant* ed lo-him:
Cravens in his bill attempts to derive the superior, Equity to the land, through the same certificate and-survpy, as the assignee of Margaret Cravens,'who was re- . assignee of Abigail Cravens, by whom it-was giste red, and who was the assignee of Robert Cravens, who w&s the assignee of David F-aris, to whom it had been assigned by Doctor William Pyle,’the father of the appellant, and to whom, and not to the appellant, th.e bill alleges the certificate was granted, and in whose name the survey was made. But the bill charges, that ®-er - the certificate of survey had been registered by Abigail Cravens, the said Doctor William Pyle, and his son William Pyle, intending to defraud the said Abigail and her assignees out of the land, by falsely and deceitfully representing to the Register that the certificate had been granted, and the 'survey made in the name of the son, William, obtained a grant in his name.
Each of the assignors through w^om-Cravens asserts equity,, are made defendants; and by an améndment to h'is bill, he suggests that Margaret Cravens, by whom (he certificate of survey had been assign'd to hin?’ xvas’ aí ihe time of making the assignment, his wüe> &nd that when the assignment was made by i-gail Cravens, she was the wife of-Hays, who had intermarried with her after she had obtained t&e assign*men^’ anc^ that the assignment was made in her-name'of Abigail Cravens, merely that it might appear.regularly done. In his amended bill, Cravens also insubst-ance repeats the statements contained in his original, bill, as person to whom the certificate issued; but' observes, if in that he should be mistaken, and the pertifi-cate should turn out to have issued ifi the name of the *19 appellant, Wiñíaúq Pyle, that at the .time it issued the said William ^waV an -infant pf tender.^years, ^nd, that the certificate was obtained' by his father,^Doctor Pyle,) ’for»hisrown benefit; and charges the father and son with having fraudulently united in' selling the certificate/and survey, and at the same time iristending to 'aSsert'the claim thereafter, in the name of the sbn. The amended bill also contains a prayer for relief against the father, in case a decree for the land, cannot be ob-tamed, &c.
a letter of attorney giv-f1 byan. lately '’oid.
The answer of the appellant denies that the certificate issued to his father; alleges that he was the origin? al 'grantee of the claim, and has perfected the title in, hisfown ndnrt.e; that he has never either parted with his,, claim, or authorised any other person to do, so for him. He admits (hat he was a youth offender years, under the. a'gé'o'f ,twenty-one, when the certificate was granted by tfce.county court; but charges that he assisted in mak-tfigHhe improvement in virtue whereof the 'grant was tímde^tohim. He denies having any knowledge of the equity, set up by Cravens, denies fraud, and requires" proof of the allegations made in the hill, &c.
.. William Pyle, sen. answers, alleging that the-cer-(ifi’éate. was granted to his son, and'not to him. tie admits, that he sold the certificate and made the assignment to Faris; but alleges that he did so hoping that hiá .son, oh prriving a.t full age, would confirm the sale ^ and.charges, that at the time Faris purchased, he knew that his son, Wijliam Ryle, jun. was the rightful owner,’Viad rec,eivedJrptl|him, the sard;William, sen. a bond. cp'nditionedAo repay,thepurchase money only, incase thé.la,nd'should he taken by any oth.er claim! He. denies all fraud, See.
A,n order of publication was made against, Robert' Cravens and David Paris, and by the .printer’s certifi--4a'te Ufá^íder appears to have been inserted ip^the,pa? jpéts'for eight weeks. . ' , .
. Neither Abigail Hays, late Abigail Cravens,, nor,-Margafet Cravens, answered; but the bill as. tof'tfate'm-. aiid Rpbe,r.t-
\.3jie court beíow, on a’final .he'áriijigjVpróndupcíja- a. déciíé'e ordering both, Wiíliani..PyleAand.^ijlflfajm P^id|Í^?tó;ctín'v.ey,tAe;land ím&oní,e|AÍ)yfa:;'spécialt^'”-ráijítj^SPéd: to-Jeremiah Cravensy to" páy costs. añ-era
*20 The cause was unquestionably not.in a proper state of preparation for hearing, when the decree was pronounced by the court below.
The order of publication which was made against F a-ris, and Robert Cravens, as absent defendants, instead of directing publication to be made eight weeks, ought to have required a publication for two months; and if such had been the requisition of the order, instead of being (as it appears to have been) published- eight weeks, there should have been a publication-for two calendar months.
it is moreover apparent, that all the proper parties were not before the court. Cravens asserts his equity through an assignment of the defendant, Abigail Hays, and as she appears to be a feme covert, in conjunction with her, Cravens ought to have made her husband a party to his suit. '■*-
But were there no irregularity in the preparation of the cause, the decree certainly presents a very novel and singular aspect, in decreeing to Cravens the benefit of a claim to land derived by contract with his*1 wife, in a suit to which his wife is a defendant, and against whom ;the husband’s bill is taken for confessed. Under the contract and assignment of his wife, Cravens most indisputably gained no beneficial interest, and ought not to have had a deeree for a conveyance, even if before that assignment, his wife possessed -such an equity in the land as might have been enforced by the decree of a court of equity.
If she possessed Auchan interegj^ the suit ought, to have been brought conjointly in the name of the husband and wife; and in such a suit, the decree ought to be for the title to be conveyed to her, and not to her 'hus-bartd.
As the cause must .be remanded to the court below for further proceedings, it may not be improper, however, to remark, that from any thing contained in the present record, we are incapable of perceiving any foum-dation for an equitable claim to the land, either in Cra-yens or his wife.
The proof is abundantly satisfactory to show, that the,original certificate was granted by the county court to the appel-lant, William Pyle, jr. a-nd not to his-jather; andvfrom the assjgp-rg§ntto by. the- father, which, appeals to have been made as agent for his son, thprf *21 ' ¿¡antbe no’ rfesarkL the: Stood the claim dfiri'ght
'■,The-fatlier.íma^*posfeit)lf''-liaveí«,etii|)Íó5'é’(3'-ÍOT)| rtifeansctó. .induce/Farís to'befiéve- that'hp/.poáses&édíéom-pefent authori ty.tó transfer/the?iaféfest b'fthis^tfo^afeSfe á'ny improper condüct'of that sbftrby’tbfe'-fatífér,*¿8‘h«H¡fj; ferbe:the means of depnving-his,sonf.wbo;;att tlíe*tufuA 4;as, a minor, af.his- real estate,-1*' Were, it* even.’ooncéd" €ib('bnt.which by the by .is not proved) th:at:‘the"son^ha,Sf executed a power of attorney to the father, authorising "him tedispose of his claim, the sale-.of thé-fatfeé-r to^a-r.|spaceord'ing to the established p.rinciplef'd^lhlii'v'codld' íffftyb.é.enforced against the son. -Nor would: the .ca,?^ he^Sifferent, if such a power had been given by the Sop for‘tjie purpose of; collusion; for as the s'on was ■ qvlfjpr fapt,- any warrant of attorney whibh he may' Eavejgi-ff etf,'is, absolutely void, and though known -to-beHnvatitL ISptlre infant when given by him, and though,-g-iyeirfd'f, tie purpose of collusion, it is said that it'cannot-b'e/coAl$Aned^by the court — 1 Fonb.JEq. 7.6; la.-'z.' " '• •; ^
-;«We -are aware that ltfhasbeen said, that infants' :afs> ás'mucK bound by frauds, of-wlich-they are .cq4)feA|||. asyadults; but that rule has been held to apply on'lyho’ finch acts as are voidable by the-infant, and ndt-tp'Si|Í'lS‘ as -the giving of warrants of attorney, which are absos-Iniel-yvoid — Llbid. >* *■«'-*
. The decree .must be reversed with costs, the: cjiusd'1 remanded to the court below, and further proceeding? ■ there'-had, not inconsistent with llns-opinion. ' '