### LYMAN PATCHIN *v.* JOSEPH B. CROMACH.

It is no cause of abatement of a writ, that the person recognized for costs is an infant.
The recognizance of an infant is not void, but voidable.
*Quære.* Whether it can be pleaded in abatement, in any case, that the person recognized is incapable of making a contract.

ASSUMPSIT, on a promissory note.

The defendant pleaded, in abatement, that Henry Patchin, who became recognized, before the magistrate who signed the plaintiff's writ, to the defendant to secure costs of prosecution, was, at the time of entering into said recognizance, a minor, under the age of twenty-one years, to wit, of the age of sixteen years.

To this plea there was a general demurrer and joinder. The county court decided that the plea was insufficient, and rendered a judgment that the defendant answer over, to which decision the defendant excepted.

After a judgment for the plaintiff, upon the merits, the cause came to this court upon the exceptions above stated.

*Lyman & Southworth*, for defendant.

The only question arising on the demurrer is, is this *the security* that the statute requires a plaintiff to furnish on suing out his writ? If this act of the infant is *void*, it clearly is not.

The true rule upon this subject is, that if the court can pronounce the *act to be to the infant's prejudice, it is void.* *Keane* v. *Boycott*, 2 H. Bl. 511. 2 Kent's Com. 233. 1 Mason's R. 82. *Kline* v. *Beebe*, 1 Conn. R. 503. *Whitney* v. *Dutch*, 14 Mass. R. 457.

This rule we believe this court will adopt, rather than to make the question depend upon the particular mode in which the infant should take advantage of his infancy.

No contract is more obviously to the infant's prejudice than that of *becoming surety for another.* 4 Conn. R. 376. 11 Serg. & Rawle, 305. 2 Kent's Com. 233.

That the acknowledging a statute or recognizance by an infant, at common law, is only voidable, may be true. But,

1. Those are not the acts of *becoming surety.*

2. The reason given for this, that, " this being a contract entered into under the inspection of a judge, who is always supposed to do right," is too glaring a fiction to be applied, generally, to *justices of the peace.*

Should the court consider the recognizance only *voidable,* still, it is contended that an infant is not such a person as the statute requires should become security for costs.

*U. M. Robinson*, for plaintiff.

Bail to the satisfaction of the authority signing the writ, being all that is required by the statute, and the intention of the statute being to secure the defendant the costs which he may recover in the suit, the authority which takes the security will look to the ability of the plaintiff, the nature of the suit, and will also consider that the defendant can, at any time, move the court for more or better bail if it should become necessary.

The word satisfaction, in the statute, has the same meaning that the word discretion would have, and, consequently,

as the sufficiency of the security was a matter within the sound discretion of the authority signing the writ, his decision on the question is final and conclusive, and cannot be reversed or revised by a writ of error or by exceptions. *Chase* v. *Davis*, 7 Vt. R. 479. *Bloss* v. *Kittridge*, 5 Id. 30. *Beebee* v. *Steele*, 2 Id. 316. *Carpenter* v. *Gookin*, 2 Id. 498.

There is great confusion on the subject when the contracts of infants are void, and when they are voidable, and no rule can be laid down to ascertain the line of distinction. 1 Swift's Dig. 55.

Matters of record, as statutes merchant, and of the staple, recognizances, acknowledged by an infant, are not void, but voidable by him, only, and during his minority. Jacob's Law Dict. Title Infant, V. 2 Coke Litt. 380, 386. 3 Bacon's Ab. 597, 596, 606, 609. *Markham* v. *Turner*, Yelverton, 155. Reeve's Dom. Relations, 255.

Contracts under seal, made by infants, are in legal force as contracts until they are avoided by plea. *Whitney et al.* v. *Dutch et al.*, 14 Mass. 462. 3 Bacon, 610, 612. *Zouch* v. *Abbott et al.*, 3 Burr. 1805.

A fine and recovery taken from an infant is not avoidable unless avoided during his minority. 1 Fon. Eq. 85, 86.

Infancy is a personal privilege of which no one can take advantage but the infant himself. 3 Bacon, 605. *Nightingale* v. *Withington*, 15 Mass. 274. 26 Com. L. 36.

The contracts of infants, although voidable by them, are binding on the person of full age, and are therefore not void. *Willard* v. *Parsons*, 7 Cowen, 22. *Roof* v. *Stafford*, Id. 179. *Oliver et al.* v. *Houdlet*, 13 Mass. R. 239. *Zouch* v. *Abbott et al.*, 3 Burrow, 1806.

A negotiable promissory note, given by an infant, is not void, but voidable. *Goodsell* v. *Myers*, 3 Wendell, 479.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The defendant pleads in abatement of the plaintiff's writ that the person who was recognzied for cost, in pursuance of the directions of the statute, was an infant, and could not be holden on his recognizance. The argument has rested, mainly, on the ground that this was one of those contracts of an infant which are void. I am not prepared to say that it is competent for the defendant to

raise this question. The statute requires that, on the issuing of a writ of attachment, sufficient security shall be given to the adverse party, by way of recognizance, to *the satisfaction of the authority* signing the writ, that the plaintiff shall prosecute to effect, &c. If the authority misjudges as to the sufficiency of the security, the court, to whom the writ is returnable, may order further and sufficient bail to secure the defendant. If the authority signing should take security to his satisfaction, of a person apparently capable of contracting, it would be attended with some inconvenience if the capacity of the person contracting could be tried in the way now attempted, when the inquiry might involve questions difficult of solution by any proof in the power of the persons contending. Waiving this consideration, however, there are other reasons sufficient, in our minds, to determine the question before us.

It is not necessary, in this case, to inquire whether any contracts of an infant are so far void, as not to be binding on either party, and incapable of being ratified by the infant, when he arrives at full age. The most convenient rule, on this subject, would be to consider certain contracts as binding on an infant, unless he avoids them after coming of full age, and others as not binding unless he affirms them. Whether this distinction can be established, is not the inquiry before us, nor have we turned our attention to it, either to investigate or determine it.

We believe that the recognizance, in this case, cannot be considered as void, and would not be so regarded, where the distinction between the contracts of an infant which are void, and which are voidable, is rigidly adhered to. When, from the nature of the contract, it is not to be believed that it would have been entered into, if the want of a power to contract was apparent and evident, it has been considered that the contract was voidable only. Thus it is said by Perkins, that ' feofments or deeds conveying land with livery of ' seisin in person, by an infant, are not void, but voidable, ' for it is to be presumed, in favor of such solemnity, that ' the witnesses present would have prevented it if they had ' seen his nonage.' In *Mary Partington's case*, 10 Coke, 43, it was said that if an infant accknowledge a statute or recognizance, it is not void, but voidable by *audita querela*

during his minority, because the judge, in case of an infant, may know his age, by inspection. This inspection, it appears, was personal examination and by proof. Cro. Jac. 230. Yelv. 88.

For the same reason, a statute merchant, or statute staple, is not adjudged void, but voidable. In the case of *Markham v. Turner*, Yelv. 155, an infant was bail and was sued on his recognizance, and judgment rendered against him, and he was put to his *audita querela*, because he could not have pleaded his infancy in the suit on the recognizance. I am not prepared to admit that, in a suit on such recognizance, the defendant could not avail himself of infancy in defence, or that it would be necessary to have recourse to an *audita querela*, particularly as the trial of infancy was by proof, as well as by inspection. This principle, however, is clearly deducible from the cases, that a recognizance, or debt of record, acknowledged by an infant in court, or before a magistrate, is, in no case, to be adjudged void, but voidable only, and this destroys the foundation upon which the argument in favor of the plea in abatement rests.

The recognizance taken in this case, as security to the defendant for the prosecution of the writ, having been satisfactory to the authority signing it, is not void, though the person recognized may been an infant. The judgment of the county court is therefore affirmed.