Fant v. Cathcart.

---

## FANT v. CATHCART.

1. The Court may, in its discretion, permit a plaintiff to adduce additional testimony, after he has announced that his evidence had closed and the defendant tendered a demurrer to it.

2. A *bill single* made by an infant, although the consideration be something else than necessaries, is voidable merely, and may be ratified by him after he attains his majority, so as to entitle the payee to maintain an action *thereon*.

3. Where the plaintiff replies to the plea of infancy, that the defendant pro-

mised to pay the debt in question after he attained his majority, the fact of infancy is admitted, and it devolves upon the plaintiff to prove the subsequent promise.

4. An appellate Court will not reverse a judgment because testimony unnecessary and superflous, but which could not have misled the jury, has been permitted to be adduced by the successful party.

Writ of Error to the Circuit Court of Talladega.

This was an action of assumpsit, at the suit of the defendant in error, on a writing obligatory, made by the plaintiff, the 21st January, 1837, for the payment of the sum of three hundred and thirty-eight dollars and sixty-nine cents, three days after date.

The defendant below pleaded, " 1. The general issue. 2. That he was under twenty-one years of age when the note in the plaintiff's declaration mentioned, was executed. 3. Payment." On the first and third pleas the plaintiff took issue, and to the second he replied a subsequent promise after the defendant attained his majority, and the cause was submitted to a jury. On the trial the defendant excepted to the ruling of the Court. It appears that the plaintiff read to the jury the note described in his declaration, and announced that he would there close his testimony. The defendant offered no evidence, but demurred to that adduced by the plaintiff; instead of joining in the demurrer, the plaintiff asked leave to offer additional testimony, which the Court permitted in despite of an objection by the defendant. The plaintiff then adduced the depositions of James Elder, and the defendant objected to either of the questions or answers, or any clause or sub-division of either question or answer ; but the Court overruled the objection, and permitted the questions and answers to be severally read, except so much as spoke of the plaintiff's keeping correct books, and witnesses opinion, belief, or information derived from others, as to where the note sued on was ; also witnesses statement as to defendant's age.

The deposition is set out *in extenso,* and need only be here noticed, so far as the arguments of counsel, or the opinion of the Court have adverted to it. The witness speaks of his acquaintance with the defendant from 1832 up to 1837 ; that he repeatedly sold him goods for the plaintiff; such as were suited to his circumstances, profession, and circle in which he moved. That he never considered the defendant extravagant ; his father was

" very comfortably off," having property sufficient to support himself and family in a very genteel way. Defendant boarded with witness " over three years, and contracted debts and accounts on his own account"—" he dealt on his own account nearly all the time he resided in Winnsborough," South-Carolina, where the witness knew him, and sold him goods.

Witness also testified that he had examined the account attached to his deposition, and which was closed by the writing on which the suit is founded, and that it is correct as taken from the books of the plaintiff; that the account was made out by witness, and is a true copy from the books : *Further*, that witness sold many of the articles named in the account, and they are correctly charged. Sometime in the year 1837, witness heard the defendant say that he would pay him what he owed him, as soon as he could make the money. To the several decisions of the Court adverse to the defendant, he excepted, and they are duly reserved. A verdict was returned for the plaintiff, and a judgment was rendered accordingly.

S. F. Rice, for the plaintiff in error.—Where a demurrer is interposed to written evidence, the Court has no discretion, but must either compel the opposite party to join in the demurrer, or waive his evidence. [Mansel on Dem. 120 et post.; 3 H. Bl. Rep. 187 to 211 ; 4 Porter's Rep. 405 ; 8 Id. 360.] The defendant has been prejudiced by the refusal of the Court to compel the joinder ; for the writing declared on did not support the replication to the second plea, the *onus* of proving which rested on the plaintiff.

There should have been a verdict *non obstante veredicto* upon the second plea. The declaration was upon a sealed instrument, and cannot be recovered on by proving a parol promise after the defendant obtained his majority. [6 Ala. Rep. 617.] The action should have been *assumpsit* upon the subsequent promise, and the specialty stated by way of inducement. The replication is a palpable departure from the declaration ; a subsequent parol promise could not be replied or given in evidence under a single count upon the writing.

It was not necessary for the defendant to demur to the replication; he may object on error. The rule is, " where the plaintiff in his replication makes a title, and it *thereby appears* that he has

a bad title, a rejoinder cannot by implication make it good." [5 Mass. Rep. 125–132.]

An infant cannot make a sealed note or bond; the replication confessed the plea, and the promise set up, could not, in a case like the present, avoid its effect.

The deposition of Elder was irrelevant under the issues, and could not fail to mislead the jury. It was certainly inadmissible to prove that the defendant below boarded with the witness three years, contracted debts on his own account, &c, ; that his father was comfortably off, &c.

F. W. Bowdon, for the defendant, insisted, that the cases cited for the plaintiff in error have no application to the present. Here, the question was, as to the right of the Court to permit additional proof to be offered. [See 2 Ala. Rep. 694–7.] This was a matter of discretion, and neither party could complain on error, that it was improperly decided.

The case cited from 6 Ala. Rep. 617, is alike inapplicable. Here, the question upon the replication to the second plea, is not as to the discharging of a contract, but as to its confirmation, and that case shows that a contract under seal may be discharged by a parol agreement founded on a consideration.

If the replication was bad it should have been demurred to. But it is good ; for the modern doctrine is, that the contracts of infants, when not shown to be to their prejudice, are voidable only, although they may have been evidenced by an instrument under seal ; and may be confirmed by a parol promise. [See Co. Litt. 172 ; 1 T. Rep. 41 ; 10 Peters' Rep. 59 ; 1 Metc. Rep. 559 ; 13 Pick. Rep. 1–7 ; 6 Mass. Rep. 78–80 ; 15 Id. 220 ; 19 Pick. Rep. 572–3 ; 3 Wend. Rep. 479 ; 7 Cow. Rep. 22–179 ; 1 Lev. Rep. 86 ; 3 Burr. Rep. 1800 ; Chitty's Bills, 20.] It was not necessary to sue on the subsequent promise, the rule being that the promise validates the existing contract. [1 M. & S. Rep. 724–5 ; 14 Mass. Rep. 457 ; 4 Pick. Rep. 48 ; 17 Wend. Rep. 419.]

If the plaintiff was entitled to a verdict upon the issue to the second plea, he should have prayed the Court to instruct the jury, and cannot now complain of an error in which he acquiesced.

The testimony of Elder was necessary to show that the specialty declared on was sustained by a good consideration. To

Fant v. Cathcart.

do this, the defendant's rank and condition in life, his father's property, whether he lived at home, &c. was admissible evidence. The form of the issue made it necessary to prove when the defendant attained his majority. [See 41 Law Lib. (top page,) 316–7.]

Our statute permits the consideration of a sealed instrument to be impeached at law, and thus removes the reason upon which the old decisions rest, which maintain that an infant cannot bind himself by a writing obligatory.

COLLIER, C. J.—It was clearly competent to permit the plaintiff to adduce other testimony, after he had announced that his evidence was closed. The fact that the defendant tendered a demurrer to the evidence can make no difference. It has been frequently held, that the Court, in its discretion, may permit either party to produce additional proof, even after a cause has been argued, and the jury charged, and we can see nothing so potent in a demurrer as to take from the Court such a discretion. The question then is, not, whether or when a party should be compelled to join in a demurrer which embraces all the evidence he proposes to give, but whether, if from inadvertence or other cause he has declared the intention neither to give or adduce more proof, the Court may not permit a change of purpose, and allow the introduction of other testimony. Upon this point, we can't doubt the correctness of the ruling of the Circuit Court.

In Roof v. Stafford, 7 Cow. Rep. 179, it was said to be well settled, that the contracts of an infant, not only such as take effect by his actual delivery of the subject matter (as a feoffment with livery, or a sale and manual delivery of goods ;) but all his deeds, whether at common law or under the statute of uses, whether relating to real or personal property, are voidable merely. [See also 5 Cow. Rep. 475 ; 1 N. Hamp. Rep. 74 ; 2 Id. 51 ; 1 N. & McC. Rep. 1 ; 11 Johns. Rep. 539 ; 3 Burr. Rep. 1794.]

In Kline v. Bebee, 6 Conn. Rep. 494, the Court said that there was a contradiction in the books in respect to the line of discrimination between those acts of an infant which require affirmance to render them valid, or disaffirmance to avoid their operation. But they generally agree that whenever the act done may be beneficial to the infant, it shall not be deemed void, but voidable merely. This rule, it is added, is highly reasonable, for the inter-

92

est of the infant, and sanctioned by many judicial decisions. [See 3 G. & Johns. Rep. 103 ; 2 N. Hamp. Rep. 456.]

That an infant may affirm a voidable contract, made during his minority, is a proposition too well settled to be now contro- verted. This may be done by express ratification ; in some cases by the performance of an act from which an affirmance may be reasonably implied ; and in others the omission to disaf- firm a contract in a reasonable time after attaining majority, has been held sufficient evidence of a ratification. These several modes of affirmance are not alike applicable to every description; but upon this point it is needless to be more specific, than to say, that a contract, such as that now under consideration, may be confirmed by a promise of payment. [6 Conn. Rep. 505 ; 4 Pick. Rep. 48 ; 11 Sergt. & R. Rep. 305 ; 4 McC. Rep. 241 ; 14 Johns. Rep. 124 ; 1 Pick. Rep. 221 ; 6 Greenl. Rep. 89 ; 2 South. Rep. 460 ; 1 Strange's Rep. 690 ; 1 Atk. Rep. 489 ; 4 Camp. Rep. 164.]

In Reed v. Batchelder, [1 Metc. Rep. 559,] it was decided that a negotiable note made by an infant, is voidable, and not void ; and if after coming of age, he promise the payee that it shall be paid, the payee may negotiate it, and the holder may maintain an action in his own name against the maker. So it has been adjudged that where a single bill was given by an infant for necessaries, who after he became of age promised to pay the amount, the action must be brought on the specialty, which was a higher security than the parol promise, and validated by it. [Bull. N. P. 155.] But it was held that as the bond of an infant, with a penalty, *was void*, it did not merge the simple contract debt ; and the action must be founded upon the new promise, and not on the bond. [3 M. & S. Rep. 477 ; 2 B. & C. Rep. 824.]

It is laid down by McPherson, in his Treatise on Infants, p. 498, that although an infant cannot bind himself in an obligation, or other writing, with a penalty, even for the payment of neces- saries, yet an obligation from him in the *precise sum* disbursed, was good, and in such case, judgment was given for the plaintiff in debt, on a bill single. [See 1 Lev. Rep. 86 ; 1 Camp. Rep. 552, note.] So it is said, that all deeds which are merely voida- ble, may be confirmed at full age. [McPherson on Inf. 486–7.]

This view of the law may suffice to show, that the writing de-

clared on, is not void, but voidable only, (if not for necessaries,) that the defendant might ratify it after he became of full age, and that if ratified, the action thereon is maintainable.

The replication to the second plea, was, in legal effect, an admission that the defendant was under twenty-one years of age, when he executed the writing in question, and devolved upon the plaintiff the *onus* of proving a promise to pay it after he had attained his majority. Evidence was adduced to this point in the deposition excepted to; whether it was sufficient or not, is a question not now before us; it was certainly pertinent, and properly received, and if the defendant had desired, he could have prayed the instructions of the Court upon it. It was not necessary for the plaintiff to show that the specialty was given for *necessaries* sold to the defendant; we have seen that it was merely voidable at the election of the defendant, and when he acquired capacity to contract, might be affirmed by his parol promise. The issue then being upon the fact of the promise *alone*, the testimony of Elder, except as it tended to establish it, was unnecessary and superfluous. Whether the answers of the witness would be evidence in a case that required such proof, it is needless to inquire, since in the case before us, it could not have misled the jury; at least, there is nothing in the record that warrants such an inference.

The conclusion is, that the judgment is affirmed.