## THOMASSON v. BOYD.

1. An infant, ten days before his majority, in the purchase of a note, drew an order on a third person, of the non-payment of which he had notice. Being sued several years after, upon the order, Held, that his omission to return the note, or disaffirm the contract, after he obtained his majority, warranted the implication that he intended to abide by his contract, and countervailed the defence of infancy.

Error to the Circuit Court of Benton. Before the Hon. D. Coleman.

THIS was an action of assumpsit, at the suit of the plaintiff in error, to recover the amount of an order drawn in his favor by the defendant, on Joel D. Hicks, for $250, under

Thomasson v. Boyd.

date of the 5th April, 1841. The cause was tried on the general issue, and an issue to the plea of infancy; a verdict was returned for the defendant, and judgment was rendered accordingly. It appears from a bill of exceptions, that the plaintiff proved the facts *prima facie* sufficient to entitle him to recover; then evidence was adduced tending to prove, that when the order was drawn, the defendant wanted ten days of being twenty-one years of age; that the order was given in part consideration of a note of $1,000 on one Wright of Mississippi; after the defendant attained his majority, he went to Mississippi to collect the note, but did not then see the maker. The note was not produced at the trial, and there was no proof that the defendant had ever offered to return it, or rescind the contract.

The plaintiff prayed the court to charge the jury, that if the defendant retained the note after he became of age, had never returned or offered to return it, or rescind the contract of purchase, that he cannot now avail himself of the plea of infancy. This charge was refused, and the jury were instructed, that the retention of the note did not of itself amount to a ratification of the contract by which defendant purchased it, but was a circumstance which they might consider in ascertaining whether he intended to ratify it.

S. F. Rice, for the plaintiff in error, contended that the facts established a clear case of the ratification of the contract which the defendant made in his minority, and cited 3 Burr. Rep. 1794; 6 Greenl. Rep. 89; 9 Verm. Rep. 368; 14 Id. 405; 6 Ala. 547; 6 Conn. 494; 9 N. Hamp. R. 436; 10 Id. 194, 220, 561; 11 Wend. R. 85.

W. B. Martin, for the defendant in error.

COLLIER, C. J.—An infant may ratify a contract made during his minority, after he becomes of age, as well by his acts as by an express promise. 1 N. Hamp. R. 75; 3 Id. 315; 9 Id. 436; 10 Id. 194. Consequently it has been said, if an infant, after he attains his majority, continues in pos-

Thomasson v. Boyd.

session of lands leased to him, or which have been conveyed to him, in both instances he affirms the contract under which he is in possession.  Id.  In Delano v. Blake, 11 Wend. Rep. 85, an infant took the note of a third person in payment for work done, retained it for eight months after he came of age, and then offered to return it, and demanded payment for his work.  In an action for work and labor done, it was held, that the retaining of the note for such a length of time was a ratification of the contract under which it was received. And an infant may ratify and affirm a negotiable note made by him during infancy.  2 N. Hamp. Rep. 54; 7 Id. 372. In Lawson v. Lovejoy, 8 Greenl. Rep. 405, an infant purchased a yoke of oxen, and gave a negotiable promissory note in payment; afterwards he sold them and received the proceeds: *Held*, that the conversion taking place after he attained his majority, was a ratification of the contract, and the indorsee was entitled to recover.  So where an infant purchased a pot-ash kettle, irons, leaches, &c., and gave his promissory note, it being agreed by the parties that he might try the kettle, and return it, if it did not answer; the vendor, after the infant became of age, requested him to return it, if he did not intend to keep it; but he retained and used it, with the other property, a month or two afterwards: *Held*, that this was a ratification of the entire contract, and that an action might be sustained on the note.  10 N. Hamp. Rep. 194.  See also, 4 Mass. Rep. 502; 6 Ala. R. 544.

In the case at bar, the defendant, after he attained his majority, went to Mississippi to demand payment of the note which he purchased from the defendant, and for which he gave the order declared on; he received notice of the non-payment of the order, and though years have elapsed, has never offered to return the note, or disaffirm the contract. These acts and omissions warrant the implication, that the defendant intended to abide by his undertaking; and they are quite sufficient, in the absence of any thing to counter-vail their effect, to establish an affirmation of the contract, and take away the defence of infancy.  The circuit court having laid down the law differently, its judgment is reversed and the cause remanded.