# WEST *vs.* PENNY.

1. Where an infant receives a sum of money, and covenants to pay it over in specified amounts to particular persons in another State, the covenant is viodable merely and not void. Such contract is not necessarily prejudicial to him; nor does he thereby subject himself to damages, or a breach of trust in respect of a third person.

2. The verbal affirmance of a contract, made during minority, renders it valid from its date, and, whether under seal or not, the contract

may be declared on without noticing the subsequent promise. The subsequent promise is in legal effect but a waiver of the defence of infancy, and a ratification of the original contract.

Error to the Circuit Court of Perry. Tried before the Hon. John D. Phelan.

THIS was an action by plaintiff against defendant in error on a writing under seal, by which the defendant acknowledged to have received from the plaintiff the sum of fifteen hundred dollars, which he covenanted with him to pay over to certain persons in Tennessee, in specified amounts. The defendant interposed the plea of infancy, to which the plaintiff replied a promise to pay after he had become of age. The defendant demurred to the plaintiff's replication and the court sustained the demurrer. The judgment of the court is now assigned as error.

JOHN, for plaintiff in error:

1. The replication is sufficient—it was not necessary to set out in the replication the precise mode of ratification. 3 Chit. Pl. 1147, 1148.

2. The contract upon which this suit was brought is not void but voidable. 2 Kent's Com. 233, 234, and cases cited; Macpherson on Infants; Law Lib. 41, 477; Roof v. Stafford, 7 Cow. 179; Whitney et al. v. Dutch et al. 14 Mass. 456; Martin v. Mayo, et al. ex'rs, 10 Mass. 137; Boot & wife v. Mix, 17 Wend. 119, 131; Wright v. Steel, 2 N. Hamp. 51; Southron v. Whitlock, Strange, 690; Tucker, et al. v. Moreland, 10 Pet. 58; Fant v. Cathcart, 8 Ala. Rep. 725; Thomason v. Boyd, 13 Ala. Rep. 419.

3. And consequently may be made binding by a promise after the infant arrives at maturity.

4. An infant is liable in trover for goods delivered to him under contract, although they were not actually converted to his own use. Vasse v. Smith, 6 Cranch, 226.

5. An action for money had and received will lie against an infant to recover money which he had embezzled. *Vide* Bristow v. Eastman, 1 Espin. Rep. 172, and Kent's Com. 241. If trover or assumpsit had been the form of action, the plea of infancy would not have been a good defence.

6. This being an action founded upon a contract not conflicting with public policy, nor founded on an illegal consideration and the defendant liable in assumpsit for the embezzlement, it would seem that he should be bound by his ratification, as no injury could result from such construction of the contract.

7. There are in our American Reports many contracts similar in their form to this, and not one of them so far as I have been able to discover, has been declared void, but have all been held voidable only. In England, contracts similar in some respects to this, have in some instances been declared void, but for reasons which do not exist with us.

8. The question as to what manner a ratification can be made is not properly raised on this record. But it is clear from the whole current of authority almost unbroken, that the ratification need not be under seal, nor in writing, but may be by express promise, or by act from which such promise may be inferred, and this point is fully settled by the case of Fant v. Cathcart, 8 Ala. Rep. 725. In fact, this case, I think, is full on both the principal points involved in the case at bar.

J. W. GARROTT, for defendant:

1. Was this contract thus entered into, binding upon the infant? Clearly not—it was void. Contracts of infants are void when prejudicial to their interests. Story on Con. § 37–40–42–3; McPherson on Infants; 41 Law Lib. 477; U. States v. Bainbridge, 1 Mason, 82; Custen v. Patton, 11 Serg. & Rawle, 305; Bayley v. Denly, 3 Maul, & Sel. 477.

2. So strongly does the law condemn the placing of money in the hands of an infant, that it will not even allow a recovery for money lent to an infant, though laid out in the purchase of necessaries. 1 Black. 388, note 17; Probart v. Knouth, 2 Esp. Rep. 472, note.

3. The rule laid down in Zouch v. Parsons, 3 Burr. 1794, which seems to be followed up by most if not all subsequent authorities, is this, all such gifts, grants or deeds by infants as do *not* take effect by delivery are void, otherwise voidable, in other words, the difference is between executed and executory contracts. Story on Con. § 1041, 42. As this contract was executed on the part of the plaintiff and executory on the part

of the defendant, the money sued for cannot be recovered. Story on Con. § 42; Shaw and wife v. Boyd, 5 Sergeant & Rawle, 309.

4. But if it were capable of revival or ratification, do the pleadings show it? They do not. This contract being under seal, it could only be ratified or enforced by an instrument of equal solemnity and dignity. Bayley v. Denly, 3 Maul & Sel. 477; Tucker v. Moreland, 10 Pet. 58; Goodsell v. Myers, 3 Wend. 479; 41 Law Lib. 478; Crawford v. Childress, 1 Ala. Rep. 482; Standifer v. White, 9 Ala. Rep. 527. The replication no where alleges, that this ratification, confirmation, or revival, was by an instrument under seal, and an instrument under seal could no more be introduced as evidence under such a replication, than it could under a declaration without the proper averments. 1 Chit. Pl. 648; Bayley v. Denly, 3 Maul & Sel. 477. Again: If such a contract could be revived or ratified otherwise than by instrument under seal there would be a clear departure in the pleadings. For the issue under the declaration would be on a sealed instrument, and under the replication it would be on a parol promise.

COLLIER, C. J.—The contracts of an infant are in general *voidable* and may be confirmed when he comes of age; those alone are treated as absolutely void, which are certainly and in their nature prejudicial to his interest. 2 Greenl. Ev. § 367; Story on Con. § 57, 2d edit. In the latter case, the presumption is almost irresistible, that some unfair advantage has been taken of him, or some injurious influence has been exerted. The difference in this respect between the contracts of adults and infants is, that in the one case injury is only evidence of imposition, while in the other it is an uncontrolable presumption thereof, because of the inexperience of the infant. Thus where a bond is executed by an infant as a surety, or where a release is executed by him to his guardian, inasmuch as these cannot be for his benefit they are void. To these might be added a few other examples. It is however, the policy of the law, not to incumber the free action of infants by disabilities, but only to allow them the right to suspend their ultimate decision upon a doubtful question of benefit until they shall be of full age, and placed on a footing similar to

that of the other contracting party. Hence the courts lean to construing the contracts of infants to be voidable only. Id. See also Story on Con. §§ 58, 59; Waples v. Hastings, 3 Har. Rep. 403; Lawrence v. McCarter, 10 Ohio Rep. 37; Patchin v. Cromach, 13 Verm. Rep. 330; Bouchell v. Clary, 3 Brev. Rep. 194; Reed v. Bachelder, 1 Met. Rep. 559; Oliver v. Hondlet, 13 Mass. Rep. 237; Whitney v. Dutch, 14 Mass. Rep. 457; Maples v. Wightman, 4 Con. Rep. 376; Thompson v. Hamilton, 12 Pick. Rep. 425; Fridge v. The State, 3 Gill & Johns. Rep. 103; Tucker, et al. v. Moreland, 10 Pet. Rep. 58, Zouch v. Parsons, 3 Burr. Rep. 1794; Fant v. Catchcart, 8 Ala. Rep. 725.

In the celebrated opinion of Lord Mansfield, in Zouch v. Parsons, *supra*, it is said, "if a new case should arise where it would be *more beneficial to the infant,* that the deed should be considered as void; if he might incur a forfeiture or be subject to damages, or a breach of trust, in respect of a third person, unless it was deemed void—the reason of the privilege would warrant an exception in such case to the general rule." The Court of Appeals of Kentucky said: "We incline to the opinion expressed by Lord Mansfield, that there is no instance where the other party to a deed can object on account of infancy, and consequently that no deed of an infant is void for infancy only, unless one might be so, which would be embraced in the following classification suggested by the same jurist." The classification referred to is embraced in the paragraph above quoted.

The contract evidenced by the writing declared on, does not come within either of the classes stated in Zouch v. Parsons. It certainly *does not subject the defendant to damages or a breach of trust in respect of a third person,* so far as we can judge from its terms, but left him free to perform all the duties and obligations he was under to others. Nor can it be assumed that the contract was necessarily prejudicial to the defendant. He may perhaps have been well compensated for the service which he stipulated to perform; or it may be, that he desired or intended to go to Tennessee on business other than the plaintiff's, and that the payment of his expenses was really a benefit to him. The defendant's undertaking did not require any unusual skill and judgment, but only that he should

be the bearer of money a few hundred miles, through a country in which little danger was to be encountered and pay it to persons designated to receive it. It can hardly be necessary to consider what would be the measure of damages upon such a contract if the defendant had been an adult, or whether it could be more than the amount of money converted. Be this as it may, it is clear that the recovery against the defendant cannot exceed the sum he has promised to pay since he attained his majority; this we understand to be the money appropriated with interest. But of this the jury must determine from the evidence. In every point of view in which we have been able to consider the defendant's engagement, it seems to us to be voidable merely, and capable of confirmation after he came of age.

The adoption or affimance of a contract or waiver of a defence by an infant on obtaining his majority, will make the contract valid from its date, and an action need not be brought on the new promise. Whitney v. Dutch, 14 Mass. Rep. 457; Kline v. Bebee, 6 Con. Rep. 494. But where the contract is evidenced by a *bond with a penalty*, the action must be brought upon the new promise; the simple contract debt not being merged in the bond. Bayley v. Denly, 3 M. & S. Rep. 477; Thornton v. Illingsworth, 2 Barn. & C. Rep. 824. An infant after attaining his majority may affirm his deed, which is voidable only, by a verbal promise without writing. Houser v. Reynolds, 1 Hayw. Rep. 143; Kline v. Bebee, *supra;* Fant v. Cathcart, 8 Ala. Rep. 725.

The promise made to pay a debt contracted during minority, in legal effect is a waiver of the defence of infancy, and an election to consider it valid. It is consequently immaterial whether the original contract was entered into by deed or other less solemn writing; a verbal adoption of it, after the party who assumed the duty came of age, would be quite as effectual as a promise under seal to pay, or perform it. This being the case, it is clear that the defence of infancy being excluded the *voidable contract becomes valid from the time it was made*, and may be declared on without noticing the subsequent confirmation further than to reply it, if infancy should be pleaded. The case of Crawford and another v. Childress' ex'rs, 1 Ala. Rep. 482, bears no analogy to the present. The

question there was, whether a verbal acknowledgment by the obligor will prevent the statute of limitations from running against a *bond*, or will revive a remedy upon it after the bar of the statute has become complete. Under the influence of our statute and the construction which had been placed upon similar enactments in other States, we held that a mere verbal acknowledgment was insufficient to arrest the operation of the act, or to revive the remedy upon the bond.

Without adding more, we have only to declare that the judgment of the Circuit Court is reversed, and the cause remanded.