The opinion of the Court was delivered by
Whitner, J.
The grounds of this appeal have been pressed with much earnestness. The leading questions are decided in the case of Cheshire vs. Barrett, 4 McC. 241, unless a distinction may be taken because this was a note under seal. The first point to- be settled is, certainly, whether this was a void contract or voidable only, for, as is quaintly said, “ a void thing is incapable of confirmation.” 2 Co. Lit. 516, note a.
*58 It is not an easy task to distinguish, after, all the learned _discussions to be met with in the books, amongst the cases as they arise. Each principle on which to rest the distinction as applicable to a class has been successfully challenged.
Prom a careful review of the authorities, I do not perceive that the question in any way turns on the fact of whether the contract was under seal or not. It is said, for instance, that an infant cannot bind himself in a bond with a penalty even for necessaries, and yet in the same authority it is laid down that a single bill without a penalty would be good. 3 Coke, 171, 172.
Bingham, in his treatise, furnishes as the true criterion, “ that acts which are capable of being legally ratified are voidable only; and acts which are incapable of being legally ratified are absolutely void.” Bing, on Inf., 33. C. J. Eyre maintained, “ that when the Court can pronounce the contract to be to the infant’s prejudice, it is void, and when to his benefit it is good, and when the contract is of an uncertain nature as to benefit or prejudice it is voidable only, at the election of the infant when he arrives at maturity.” 2 Henry, Blacks. 511; Keane vs. Boycott.
These distinctions are regarded as founded in solid reason by Story, J., in 1 Mas. Rep. 82, and by Chan. Kent, 2 Com. 236.
In our own Court in the case already cited, Johnson, J., with his clear mind could see “ little distinction in this respect between contracts entered into by adults and infants. Such as are immoral in their tendency, or against law, or without consideration are void by whomsoever made, and no undertaking based upon them can bind. Those based upon moral, legal and valuable consideration bind adults; the policy of the law permits an infant to avoid them, hut if after arriving at full age he thinks proper to affirm them, he ought to be bound— the moral obligation being a sufficient consideration to support the new undertaking.” Whatever may have been the distinctions taken in early cases, “ the tendency (says Ch. Kent, in *59 his 2 vol. Com. 235) of the modern decisions is in favor of a very liberal extension of the rule, that the acts and contracts of infants should be deemed voidable only and subject to their election when they become of age.”
In the application of such principles in the case, 3 Bur. 1794, Touch vs. Parsons, it was held, that an infant’s conveyance by lease and release was voidable only; though assailed by subsequent writers, it “ has been recognized as law in this country and is not now to be shaken.”
Upon this ruling the same authority adds, that the bonds of infants have been held to be voidable only on their election. 1 Johns. Cas. 127. So, too, of deeds, 5 Yer. 41.
What amounts to a confirmation of such a contract as the one now under consideration ? It is insisted this may be 'done only by an instrument equally solemn as the first, 'and the authority of Coke, Lit. see. 515, is invoked. But if it be conceded that such a principle applies where an estate is to be confirmed as contradistinguished from a contract, it might not avail in such a case as this.
There are three modes of affirming the voidable contracts of infants; by an express ratification, by acts which reasonably imply an affirmance, and by the omission to disaffirm within a reasonable time. 11 Serg. & Rawle, 305; 6 Con. Rep. 494.
In 1 Bail. 28, a simple declaration was not enough, unless accompanied by some act which recognizes the validity of the contract.
In 11 Hump. 468, it is considered now the settled rule, that in general the deed of an infant is voidable only at his election, and may be affirmed by an express ratification or acts which reasonably imply an affirmance.
In 7 Iredell, an infant was held to pay his note for purchase money of land, his subsequent acts being an affirmance of original contract.
In 16 Ala. Rep. 186, West vs. Penny, I learn from an abstract of the case, it was held, that a verbal affirmance of a *60 contract made during minority renders it valid from date, whether under seal or not, being in its legal effect but a waiver of the defence of infancy. These authorities might be multiplied.
The circumstances set forth in the brief well authorized the Judge in the conclusion, that this defendant had affirmed the contract, and was precluded from his defence of infancy. He admitted that the note was a just transaction, and that he had delivered to plaintiff a watch in part payment. The condition that the watch might be returned if it was found not to keep good time, in no way negatived his admission of the justness of the demand, or the bona fides of the act whereby he set about its satisfaction.
The motion to reverse the decree is dismissed.
O’Neall, Wardlaw, Withers, Glover and Munro, JJ., concurred.

Motion dismissed.