# Philpot *v.* Bingham.

*Statutory Real Action in Nature of Ejectment.*

55   435
101   662
55   435
111   187

1. *Infant's power of attorney.*—An infant's power of attorney to sell lands is not voidable only, but absolutely void.

2. *When action lies between tenants in common; adverse possession and ouster.* In ejectment, or a statutory real action in the nature of an ejectment, between two tenants in common, if the defendant pleads not guilty, and makes a claim for valuable improvements under a suggestion of adverse possession (Revised Code, §§ 2602, 2614), and claims under deeds which purport to convey the entire interest in the premises to his vendor and himself—these facts are suffi-

cient evidence of an ouster, and dispense with the necessity of proving a demand and refusal before suit brought.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. JAMES Q. SMITH.

This action was brought by Eugene B. Philpot, against Arthur Bingham, to recover an undivided half interest in a certain city lot in Montgomery; and was commenced on the 6th March, 1874. The defendant pleaded not guilty, and made a suggestion of adverse possession for three years, with the erection of valuable improvements. The lot in controversy, as was shown by the evidence adduced on the trial, belonged in fee to Mrs. Louisa A. Philpot, the mother of the plaintiff, who died in June, 1863, intestate, leaving the plaintiff and an older brother, W. H. Philpot, her only children and heirs-at-law. On the 25th of July, 1863, the plaintiff and his brother executed a power of attorney to their father, John N. Philpot, authorizing him to sell and convey the property with covenants of warranty; and under this power of attorney, the said John N. Philpot sold and conveyed the lot, with covenants of warranty, on the 9th September, 1863, to L. B. Stringfellow, who, on the 27th August, 1870, sold and conveyed in like manner to the defendant. The plaintiff was under twenty-one years of age when he executed said power of attorney. The defendant bought the property in good faith, supposing that the deeds conveyed an absolute and perfect title; paid the full value; held and claimed, as he testified, the exclusive ownership and possession until the commencement of this suit, and had no notice that the plaintiff had or claimed any interest in the lot until the service of the writ in this suit. On these facts, the court charged the jury, in substance, that the power of attorney, and the deed executed under it, were each voidable, but not void; to which charge the plaintiff excepted. The court also charged the jury, on the written request of the defendant—1st, "that one tenant in common of land can not maintain such an action as the present, unless there was an actual ouster before the commencement of the action;" 2d, "that if the defendant never had any notice or information that the plaintiff had or claimed title to any interest in the real estate sued for in this action, until served with the summons and complaint in this case; and if the plaintiff never had any other interest therein than as a tenant in common; and if the several deeds read in evidence were executed by the respective makers thereof as they purport to have been,—then the plaintiff can not recover in this action." To each of these charges an exception was duly reserved by the plaintiff. Exceptions were also reserved by the plaintiff to the refusal of several

charges asked by himself, and to several other charges which were given by the court at the instance of the defendant; but these require no particular notice. The charges given to which exceptions were reserved, and the refusal of the charges asked by the plaintiff, are now assigned as error.

HARRIS GUNTER, for the appellant.—1. The principle is settled here, and everywhere else, that an infant's power of attorney is absolutely void.— *Ware v. Cartledge,* 24 Ala. 622; *Whitney v. Dutch,* 14 Mass. 463; *Tucker v. Moreland,* 10 Peters, 58; *Pyle v. Craven,* 4 Litt. 19; *Mustard v. Wohlford,* 15 Gratt. 337; *Fonda v. Van Horn,* 15 Wendell, 635; 1 Johns. C. 127; 7 Cowen, 180; 17 Wendell, 131; 13 Barb. 538; *Robbins v. Mount,* 33 How. 24; 4 Rob. Va. 553; *Semple v. Morrison,* 7 Monroe, 298; *Ely v. Ehle,* 3 N. Y. (Coms.) 508; Bingham on Infancy, 19; 1 Amer. Lead. Cases, H. & W.'s notes, 106.

2. A tenant in common can not maintain ejectment against his co-tenant, unless there has been an actual ouster, or its equivalent.—*Foster v. Foster,* 2 Stew. 358. Here, the defendant pleaded not guilty, which is equivalent to the consent rule, and admits possession; suggested adverse possession, with a claim for the erection of valuable improvements; testified, as a witness, that he bought, held, and claimed the entire and absolute interest and ownership in the property, and relied on deeds which purported to convey the entire property. These facts amount to an actual ouster, and dispense with the necessity of proving a demand before suit brought.—*King v. Kent's Heirs,* 29 Ala. 542; *Bogardus v. Trinity Church,* 4 Paige, 178; 30 Conn. 492; Tyler on Ejectment, 875, 882, 199; Bouv. Dic. *Ouster.*

RICE, JONES & WILEY, *contra.*—1. The contracts of an infant are, in general, not void, but voidable merely, and may be ratified by him after attaining his majority.— *Weaver v. Jones,* 24 Ala. 420; *West v. Penny,* 16 Ala. 186. An infant's deed, conveying lands upon a full equivalent, is merely voidable; and his failure to restore the consideration, within a reasonable time after he has arrived at full age, is an affirmance of it.—*Manning v. Johnson,* 26 Ala. 446; *Fant v. Cathcart,* 8 Ala. 730; *Thomason v. Boyd,* 13 Ala. 419; *Delano v. Blake,* 11 Wendell, 86. The disaffirmance must not only be made within a reasonable time, but it must be an act of equal solemnity with the deed.—*Jackson v. Burchin,* 14 Johns. 123; *Tucker v. Moreland,* 10 Peters, 73; *Roof v. Stafford,* 7 Cowen, 181. Here, the infant took no steps to disaffirm the contract, and never even expressed his dissatisfaction with it,

[Philpot v. Bingham.]

until the institution of this suit, which was commenced more than ten years after the sale, and at least four or five years after he had attained his majority.

2. The authorities cited for the appellant, holding that an infant's power of attorney is a mere nullity, admit that it is an exception, and the only exception to the general rule, and that it is without foundation in reason or principle. But, under our statutes, "powers of attorney, or other instruments conferring power to convey property, may be proved or acknowledged in the same manner, and must be received as evidence to the same extent as conveyances."—Rev. Code, § 1547. Under the operation of this statute, which makes no exception in favor of infants, their powers of attorneys are placed on the same footing as their deeds, and must be deemed only voidable, and therefore valid until avoided.— *Demarest v. Wyncoop*, 3 John. Ch. 138, 147; Tyler on Infancy, 141–2. Moreover, the exception is confined to sealed instruments, and parol authority to transact business for an infant is merely voidable.— *Whitney v. Dutch*, 14 Mass. 463; Tyler on Infancy, 58. In Alabama, the distinction between sealed and unsealed instruments is abolished by statute, and the technical rules founded on that distinction are thereby abrogated. An additional reason for holding the power of attorney in this case to be merely voidable, is found in the fact that it is executed by the infant and an adult jointly, and it is certainly valid as to the latter.—*Ashlin v. Langton*, 30 Eng. Com. L. 567; Tyler on Infancy, 47.

STONE, J.—Ever since the leading case of *Zouch !v. Parsons*, 3 Burr. 1794, there has been a growing disposition to treat almost all contracts made by infants as voidable rather than void. The principles of that decision have received a very steady and cheerful support on this side of the Atlantic. The declared rule is, that contracts of an infant, caused by his necessities, or manifestly for his advantage, are valid and binding, while those manifestly to his hurt are void. Contracts falling between these classes are voidable. Relaxation of ancient rigor has had the effect of placing many transactions, formerly adjudged void, in the more conservative category of voidable.—See 3 Washb. Real Prop. 559 *et seq. ;* 2 Kent's Com. 234, in margin; 1 Amer. Leading Cases, 5th ed. 242 *et seq.* in margin; 2 Greenl. Ev. § 365 *et seq.;* Tyler on Infancy, 41; *Tucker v. Moreland*, 10 Pet. 58, 65; *Boody v. McKenney*, (10 Shep.) 23 Maine, 517. This question has been several times before this court, and we have uniformly followed the modern rule above expressed.—*Fant v. Cathcart*, 8 Ala. 725; *Elliott v. Horn*, 10 Ala. 348; *Thomason v. Boyd*,

[Philpot v. Bingham.]

13 Ala. 419; *West v. Penny,* 16 Ala. 186; *Weaver v. Jones,* 24 Ala. 420; *Manning v. Johnson,* 26 Ala. 446; *Freeman v. Bradford,* 5 Por. 270; *Slaughter v. Cunningham,* 24 Ala. 260; *Derrick v. Kennedy,* 4 Por. 41; *C'ark v. Goddard,* 39 Ala. 164.

It is declared in the adjudged cases, and in the elementary books, that a power of attorney to sell lands, a warrant of attorney, or any other creation of an attorney, by an infant, is absolutely void.—*Lawrence v. McArter,* 10 Ohio, 38, 42; *Pyle v. Cravens,* 4 Littell, 17, 21; *Bennett v. Davies,* 6 Cow. 393; *Fonda v. Van Horne,* 15 Wend. 636; *Knox v. Flack,* 22 Penn. 33; Tyler on Infancy, 46–7; 1 Amer. Lead. Cases, 5th ed., 247 in margin; *Saunders v. Mann,* 1 H. Bla. 75; *Tucker v. Moreland,* 10 Pet. 58, 68; 2 Kent's Com., m. p. 235. So, in Alabama, it has been said, " an infant can not appoint an agent."—*Ware v. Cartledge,* 24 Ala. 628. In *Weaver v. Jones,* 24 Ala. 424, C. J. CHILTON said, "The better opinion, as maintained by the modern decisions, is, that an infant's contracts are none of them (with, perhaps, one exception) absolutely void by reason of non-age; that is to say, the infant may ratify them, after he arrives at the age of legal majority." Ch. J. CHILTON refers to Parsons on Contracts in support of this proposition. Looking into that work, * 244, it is clear that he means to except from the operation of the general rule, laid down by him, those contracts of an infant, by which he attempts to create an attorney or agency.

From such an array of authorities, sanctioned as the principle has been by this court, we do not feel at liberty to depart, although the argument in favor of the exception is rather specious than solid. We therefore hold, that the power of attorney, under which the plaintiff's land was sold, made, as it appears to have been, while he was an infant, was and is what the law denominates void. If void, then no title, even inchoate, passed thereby; and the defense to the action must rest entirely on grounds other than and independent of the power of attorney and deed. Thus circumscribed, the defendant (appellee here) has failed to show any defense to the plaintiff's claim to an undivided half interest in the land sued for.—See *Boody v. McKenny,* 23 Maine, 517; *Haney v. Hobson,* 53 Maine, 453; *Cresinger v. Welch,* 15 Ohio, 156.

2. The present action was brought to recover only an " undivided half interest" in the lot sued for. The defendant interposed a single plea—that he was "not guilty of unlawfully withholding the premises claimed by the plaintiff." "Such plea is an admission by the defendant that he is in possession of the premises sued for."—Rev. Code, § 2614.

The defendant, then, admitted by his plea that he was in possession of the undivided half interest of said lot claimed by the plaintiff. Under section 2602 of the Revised Code, the defendant filed a suggestion, "that he and those whose possession he had, for three years next before the commencement of said suit, had adverse possession of *the real estate mentioned in said complaint,* and made permanent improvements thereon," &c. This was a declaration, of record, that defendant was in adverse possession of the undivided half-interest sued for. Another fact: the entire property in controversy was first conveyed to Miss Stringfellow, and subsequently conveyed by her to defendant in entirety, who entered and is occupying under such deed. These acts clearly demonstrate an ouster of plaintiff by defendant, and dispense with the necessity of demand by plaintiff, before suit brought, to be let into possession.—1 Hill. Real Prop. 567, and note 3; *Hargrove v. Powell,* 2 Dev. & Bat. 97; Tyler on Ejectment, 801–2.

The rulings of the Circuit Court are in conflict with the views above expressed; and its judgment is reversed, and the cause remanded.