*112
 
 Battue, J.
 

 The case agreed presents the single question, whether the law will imply a promise on the part of an infant to pay a reasonable price for necessaries furnished to him; and of that we think there can be no doubt.
 

 In the case of
 
 Richardson
 
 v. Strong, 13 Ire. Rep. 106, it was held that a promise by a lunatic to pay for services ren.dered to, and necessaries furnished for, him, during a temporary fit of insanity, would be implied, and that he might be compelled, after his recovery, to pay what they were fairly worth. In the course of the opinion the Court say, there is no absurdity in the case of lunatics, more than in that of infants, in implying a request to one rendering necessary services or supplying necessary articles, and implying, also, a promise to pay for them.”' In this extract, it is seen that thewesponsibility of infants is assumed as settled, and is made am argument in favor of the responsibility of lunatics.
 

 The cases of
 
 Hussey
 
 v.
 
 Rountree,
 
 Bus. Rep. 110, and
 
 State
 
 v.
 
 Cook,
 
 12 Ire. Rep.
 
 67,
 
 which are referred to- oh> behalf of the defendant, were decided upon the ground that the infants had guardians whose duty it was to furnish them'with necessaries, and who were prohibited, ordinarily, from exceeding their income. Under such circumstances no other person had a right to interpose between the guardians and their wards, by supplying the latter even with necessaries.
 

 The principle in these cases has not destroyed the salutary rule of the common law, that infants, having no legal protectors, had better be held liable to pay for necessary food, clothing, &c., than, for the want of credit, to be left to starve.
 

 The judgment must be reversed, and, according to the case agreed, judgment must be entered in favor of the plaintiif for the sum of $144,
 
 16-100,
 
 which is admitted to be a reasonable charge for the defendant’s board.
 

 Pee Cueiam.
 

 Judgment reversed.