[Ex Parte McFerren.]

# *Ex Parte* McFerren.

## *Assumpsit.*

(Decided June 30, 1913.   63 South. 159.)

1. *Infants; Contracts; Lease; Recovery.*—An infant lessee may recover from his lessor any money which he has paid as rent, where he has received no benefit as such lessee from the leased premises.

2. *Same; Effect of Avoidance.*—There is no difference between the rules governing liability of an infant for rent due and not paid, and his right to recover rent which has been paid, unless the rent is for a necessity.

3. *Same; Avoidance or Affirmance; Time.*—While an infant cannot affirm his contract until he attains his majority, he may avoid a contract made while an infant either before or after he arrives at majority.

4. *Same; Disability; Status.*—The law makes no distinction between the contracts of an infant of tender years and one who has almost attained his majority.

(Dowdell, C. J., and McClellan, J., dissent.)

CERTIORARI to Court of Appeals.

H. H. McFerren brings certiorari to review the judgment of the Court of Appeals rendered on the appeal of Edgewood Highlands Land Company against him in which the judgment of the trial court was reversed, and the cause remanded.   Writ granted, the judgment of the Court of Appeals reversed and the judgment of the trial court affirmed.

See *Edgewood Highlands Land Company v. McFerren,* 9 Ala. App. 275; 63 South. 157.

ETHRIDGE & LAMAR, for petitioner.—The contract was a contract of sale and not of lease.—50 S. E. 402; 19 L. R. A. 683; 77 N. W. 683.   Therefore, the status of landlord and tenant was not created.—88 N. E. 700; 11 S. E. 893; 9 L. R. A. 373 and note; 134 Pa. 566; 79 Maine 317; 116 Wis. 602; 96 Am. St. Rep. 1011; 93

U. S. 64. It is a cardinal rule of construction to consider the whole instrument that the court may fully understand the intention of the parties thereto.—*Ashby v. Cathcart*, 159 Ala. 474; *Phelan v. Toulmin*, 164 Ala. 383. Under the facts in this case then, the infant was entitled to repudiate the contract, and to recover the money paid under it, on arriving at majority, or upon the removal of his disabilities.—*Manning v. Johnson*, 26 Ala. 446; *A. F. L. M. Co. v. Dykes*, 18 South. 292; *Flexner v. Dickerson*, 72 Ala. 318; *Eureka Co. v. Edwards*, 71 Ala. 248; *McCarty v. Woodstock I. Co.*, 92 Ala. 463; 22 Cyc. 613, et seq, and authorities there cited.

A. G. & E. D. SMITH, for respondent.—The contract was a lease and not a sale.—*Hurd v. Hurd & Lee*, 41 South. 827. So the payments were the payments of rent, and an infant is liable for rent during occupancy before repudiation.—22 Cyc. 530, notes 75-6; 16 A. & E. Enc. of Law, 290; 2 Kent's Comm. 240; 1 Taylor Landlord & Tenant, sec. 96; 47 L. R. A. 303.

DE GRAFFENRIED, J.—The law seems to be well settled in all jurisdictions that an infant lessee, who *receives no benefit* as such *lessee* from rented premises, can recover back from the lessor any money which he may pay such lessor as rent. In all cases in which he has been held liable for rent or in which he has been denied to recover rents paid, he has received *some actual benefit* from the use of the property as a tenant.

"The law," says Parsons, C. J., in *Baker v. Lovett,* 6 Mass. 78, 4 Am. Dec. 88, "has drawn no line between an infant of six years old and one of 20 years old, for all infants are entitled to equal protection." Certainly an infant of six years of age could not, by any court, be denied the right to recover rents paid out by him on a

lease from which he, *as a tenant,* did not, and under his situation could not, have received any benefit whatsoever. "A minor who has nearly attained his majority may be as able, in fact, to protect his interests in a contract as a person who has passed that period. But the law must necessarily fix some precise age at which persons shall be held to be sui juris. It cannot measure the individual capacity in each case as it arises. It must hold the youth who has nearly reached his majority to be no more bound by his contract than a child of tender years."—*McCarty v. Carter,* 49 Ill. 53, 95 Am. Dec. 572.

In the case of *Holmes v. Blogg,* 8 Fountain Rep. 503, an infant was not permitted to recover rents paid by him during minority, upon the ground that he had actually occupied the property, and had received value from the use of that property.

In the case of *Kirten v. Elliott,* 2 Bulstrode Rep. 69, we find the following from Houghton, J.: "If a lease be made to an infant by the year, and he doth occupy and enjoy this, he shall be charged with the rent." In the same case we find the following from Dodderidge, J.: "If a greater rent be reserved than the land is worth, then, peradventure, the infant shall not be charged with it."

In the case of *Corpe v. Overton,* 10 Bingham, 252, Tindal, C. J., said: "I think we may arrive at a right determination of this case without impeaching the decision in *Holmes v. Blogg,* because the facts in the two cases are manifestly distinguishable. * * * The ground, therefore, of the judgment in *Holmes v. Blogg* was that the infant had received something of value for the money he had paid, and that he could not put the defendant in the same position as before." In the same case, Bosanquet, J., said: "I am also of opinion that this rule ought to be discharged; but we are far from

impeaching the judgment of the court in *Holmes v. Blogg,* as applicable to the facts of that case.  There the infant had paid a sum of money as part of the consideration for a lease of premises in which he carried on business with a partner.  The premises ,were, in fact, occupied for 12 weeks; but, if they had been occupied for any other period, there would have been no difference in principle, and the plaintiff could not recover back sums for the outlay of which he had derived an advantage. * * * Here the infant had derived no benefit whatever from the contract, the consideration of which has wholly failed.  It has been urged, indeed, that it failed by the act of the plaintiff himself; but, if the law allows him to rescind a contract from which he has derived *no benefit,* he must be allowed to rescind it to *all* intents and purposes, and, if so, for the purpose of *recovering* money paid without consideration."  In this same case Alderson, J., said: "This case is clearly distinguishable from the case of *Holmes v. Blogg.*  Here the infant has had no enjoyment of any advantage from the contract; in *Holmes v. Blogg* he had enjoyment for a period of premises demised to him."  In this same case Tindal, C. J., in another part of the opinion, said: "But there is another ground on which the plaintiff is entitled to recover in this action.  According to the old law, as laid down in Coke Littleton, 172a, an infant is not bound by any forfeiture annexed to a contract, and his obligation with a penalty, even for necessaries, is absolutely void."

We have quoted at length from the above case for the purpose of calling attention to the fact that the English judges, at an early period, drew a distinction between cases of this character in which the infant received *some benefit* for the money paid out by him, and those cases in which he received *no benefit* for the money paid out by him, and that, *in all cases,* whether he received benefit

for the money which he paid out or not, if the contract under which it was paid provided for a forfeiture, then he could invariably recover his money. In the instant case it is admitted that the infant never was in the actual possession of the property, and the contract of lease—if the Court of Appeals was correct in holding that it was a lease—was put an end to by the *lessor,* while the lessee was still an infant. In other words, it is admitted that the plaintiff, *as lessee,* received *nothing* whatever from the use of the property. The situation of the plaintiff in this case, in which, by an affirmative act of the defendant, viz., the cancellation by the defendant of the instrument under its forfeiture clause, the plaintiff has been denied the only thing of value which the instrument provided for him, viz., the right to demand a conveyance of the property upon paying all the notes described in the instrument, strongly illustrates the wisdom of the rule laid down by Lord Coke, and which has above been quoted. This forfeiture occurred while the plaintiff was still an infant, and before he had reached the age when he could legally say that the contract should bind him.

In the case of *Valentini v. Canali,* 24 Q. B. D. 166, Coleridge, C. J., said: "When an infant has paid for something and he *consumes* or *uses* it, it is contrary to natural justice that he should recover back the money which he has paid." In *Ketley's Case,* the rule is stated as follows: "A lease to an infant is not void, but voidable only, and, if it be *beneficial to him,* he is liable to an action for the rent thereof."—*Ketley's Case,* Cro. Jac. 320.

In all of the English cases in which the right of an infant to recover rent which had already been paid, has been recognized, or in which he was required to pay the rent, the courts proceeded upon the theory that the in-

fant had, from the *use and occupancy* of the property, received a substantial benefit, and that, being unable to place the landlord in statu quo, he should, ex æquo et bono, be required to pay for the use of that from which he had received a substantial benefit. And all the courts in England and America, in dealing with this subject, have in all well-considered cases applied the same legal principles *in actions at law,* and whether the suit was by the landlord against his tenant for rent past due, or whether it was a suit by the infant for money already paid.

In the case of *Riley v. Mallory,* 33 Conn. 201; we find the following: "The privilege of an infant to avoid contracts which are injurious to him and rescind those which are not is not an exception to a general rule, but a general rule with exceptions. The law assumes the incapacity of an infant to contract. It also recognizes the fact that the limitation of infancy is arbitrary; that it is indipensably necessary that an infant should be at liberty to contract for necessaries; and that he may happen to make other contracts which will be beneficial to him. It does not therefore forbid him to contract, but gives him for his protection the privilege of avoiding contracts which are injurious to him and rescinding all others, whether fair or not, whether executed or executory, and as well before as after he arrives at full age—excepting from the operation of the privilege *only contracts for necessaries, contracts* which he may be compelled *in equity to execute,* and *executed contracts,* where he has enjoyed the *benefit of them,* and cannot restore the other party to his original position. These exceptions are founded in the *necessities* of the infant, or required by a just regard for the *equitable* rights of others. The exception which the defendant claims to exist, founded on the simple fact that the infant has *paid*

*money* in the purchase of an article *not a necessary* or upon a contract which would be *otherwise voidable,* has no *element of necessity* or equity to *require or sustain it,* and no settled recognition in the law. Fifty years ago the Hon. Tapping Reeve, who had been for many years a judge of the superior court and for one year Chief Justice of the State, and who conducted one of the earliest law schools in the country, published his carefully prepared lectures on the laws relative to the domestic relations. In his chapter on Infants he states the law in relation to their privilege thus: 'It is the privilege of an infant that he may rescind his contracts at pleasure. In ordinary cases he can avail himself of this privilege. It is not a matter of any moment whether the contract is a fair one or not, the infant may rescind it.' Page 227. Again, on page 254, he says: 'It is an universal rule that all executory contracts which are voidable on the ground of infancy may be avoided during infancy by the infant as well as afterwards, as when a minor promises to pay, etc. So, too, *all* contracts respecting property, which are *executed* by delivery of some article on *payment of money,* may be rescinded by the minor *both before* and *after the time* of his coming of age.' To these general rules he states the three exceptions; viz.: Contracts for *necessaries; contracts,* if not *unequal,* to effect what the infant is *compellable* in chancery to do, as making partition, releasing a mortgage, executing a trust, etc.; and contracts under which the infant has so *enjoyed* or *availed himself of the consideration* that the parties cannot be restored to their original position. He states no other exceptions, and there were no others then known in the law."

In the subsequent case of *Gregory v. Lee,* 64 Conn., 407, 30 Atl. 53, 25 L. R. A. 618, the court said: "Under the facts stated, it must be conceded that this room, at

the time the defendant hired it and during the time he occupied it, came within the class called 'necessaries,' and also that to him during said period it was an *actual necessary,* for lodging comes clearly within the class of necessaries, and the room in question was a suitable and proper one, and during the period he occupied it, was his only lodging room. 'Things necessary are those without which an individual cannot reasonably exist. In the first place, food, raiment, lodging, and the like. About these there is no doubt.'—*Chapple v. Cooper,* 13 M. & W. 252; 1 Swift's Digest, 52. So long then as the defendant actually occupied the room as his sole lodging room, it was clearly a necessity to him, for the use of which the law would compel him to pay; but, as he paid the agreed price for the time he actually occupied it, no question arises upon that part of the transaction between these parties. The question now is whether he is bound to pay for the room after December 20, 1892. The obligation of an infant to pay for necessaries actually furnished to him does not seem to arise out of a contract in the legal sense of that term, but out of a transaction of a quasi contractual nature, for it may be imposed on an infant too young to understand the nature of a contract at all.—*Hyman v. Cain,* 48 N. C. 111. And where an infant agrees to pay a stipulated price for such necessaries, the party furnishing them recovers not necessarily that price but only the fair and reasonable value of the necessaries.—*Earll v. Reed,* 10 Metc. 387; *Barnes v. Barnes,* 50 Conn. 572; *Trainer v. Trumbull,* 141 Mass. 627 [6 N. E. 761]; Keener's Quasi Contracts, p. 20. This being so, no obligation to pay for necessaries can arise until they have been supplied to the infant, and he cannot make a binding executory agreement to purchase necessaries. For the purposes of this case perhaps we may regard the transaction which took place between

these parties in September, 1892, either as an agreement on the part of the plaintiff to supply the defendant with necessary lodging for the college year, and on the part of the defendant as an executory agreement to pay an agreed price for the same from week to week, or we may regard it as, what on the whole it appears the parties intended it to be, a parol lease under which possession was taken, and an executory agreement on the part of the defendant to pay rent. If we regard it in the former light, then the defense of infancy is a good defense, for in that case the suit is upon an executory contract to pay for necessaries which the defendant refused to take and never has had and which therefore he may avoid. If we regard the transaction as a lease under which possession was taken, executed on the part of the plaintiff, with a promise or agreement on the part of the defendant to pay rent weekly, we think infancy is equally a defense. As a general rule, with but few exceptions, an infant may avoid his contracts of every kind, whether beneficial to him or not, and whether executed or executory."

We have quoted copiously from the above cases for the purpose of fully illustrating the proposition that in *all* jurisdictions an infant may avoid an *executed* contract from which he has derived no actual benefit, and, in an action at law, recover any moneys which he has paid out on account of such contract. In the above case of *Riley v. Mallory,* the Supreme Court of Connecticut points out that, even in England, the broad language of the court in *Holmes v. Blogg, supra,* had been repudiated, and that the true foundation for the decision in that case was the fact that the infant had received something of *value* to him in the *use* of the leased premises. The rule in Alabama which is in accord with the great weight of American authorities is more *restricted* than is indicated even in the above Connecticut cases.

In the case of *Eureka Company v. Edwards,* 71 Ala. 248, 46 Am. Rep. 314, this court, through Stone, J., said: "A distinction is taken in the books between executory and executed contracts made by infants. In the former class of cases, if the infant on becoming of age disaffirms the contract, then the adult purchaser or contractor will be forced to become the actor, to have the contract performed. In such case the infant, or quondam infant, is under no conditions or limitations in asserting the invalidity of the contract. Being voidable, and he making timely election to avoid by pleading his minority, his defense, if sustained by proof, will prevail. He need not tender back anything he may have acquired or received under the contract. The most that can be required of him is that, if he retained and held all or any part of what he had received under the contract until he reached the age of 21, then, on demand or suit, he can be held to account for it. The rule is different when the contract has been executed. Then the quondam infant, or any one asserting claim in his right, must become the actor, and, coming *into a court in quest of equity,* he must do or offer to do *equity,* as a condition on which relief will be decreed to him. This is the difference between asking and resisting relief.— *Roof v. Stafford,* 7 Cow [N. Y.] 179; *Hillyer v. Bennett,* 3 Edw. Ch. [N. Y.] 222; *Bartholomew v. Finnemore,* 17 Bar. [N. Y.] 428; *Smith v. Evans,* 5 Humph. [Tenn.] 70; *Mustard v. Wohlford's Heirs,* 15 Grat. [Va.] 329, 76 Am. Dec. 209; *Bedinger v. Wharton,* 27 Grat. [Va.] 857. But it *is only in equity* this principle obtains. If the *suit be at law,* the *tender need not ordinarily be made,* as a *condition of recovering* the property. But if the suit be in *equity,* and if the money or other valuable thing be still in esse, and in possession of the *party seeking the relief,* or in him from whom the right to sue is

derived, the *bill,* to be sufficient, *must tender* or *offer* to produce or pay, as the case may be. Not so if the infant *has used* or consumed it during his minority.—*Badger v. Phinney,* 15 Mass. 359, 8 Am. Dec. 105; *Price v. Furman,* 27 Vt. 268, 65 Am. Dec. 194; *Chandler v. Simmons,* 97 Mass. 508, 93 Am. Dec. 117; *Walsh v. Young,* 110 Mass. 396; *Green v. Green,* 69 N. Y. 553, 25 Am. Rep. 233; *Dill v. Bowen,* 54 Ind. 204; *Phillips v. Green,* 5 T. B. Mon. [Ky.] 344; *Goodman v. Winter,* 64 Ala. 410, 38 Am. Rep. 13; *Roberts v. Wiggin,* 1 N. H. 73, 8 Am. Dec. 38."

In the case of *Flexner & Lichten v. Dickinson,* 72 Ala. 318, 322, this court, through Somerville, J., said: "The following propositions we consider to be settled by the modern decisions in this country, including our own adjudged cases: (1) Infants are not liable on any of their contracts, excepting only for necessaries—the sum to be recovered in such case being the just value of the *necessaries,* and not what was agreed to be paid. (2) The only act which an infant is legally incapacitated to perform is the appointment of an attorney. (3) *All other* contracts of infants, whether *executory or executed,* may be avoided or ratified at the election of the infant, being considered voidable and not absolutely void. —*Philpot v. Bingham,* 55 Ala. 435; *Manning v. Johnson,* 26 Ala. 446, 62 Am. Dec. 732; *Clark v. Goddard,* 39 Ala. 164, 84 Am. Dec. 777; *Vasse v. Smith,* 1 Amer. Lead. Cases (5th Ed. 242, 300; Bishop on Contr. §§ 260-266; 2 Greenl. Ev. § 264 et seq.; 7 Wait's Act & Def. 131; *Rainwater v. Durham,* 2 Nott & McC. [S. C.] 524, 10 Am. Dec. 637; *Bool v. Mix,* 17 Wend. [N. Y.] 119, 31 Am. Dec. 285; *Wheaton v. East,* 5 Yerg. 41, 26 Am. Dec. 251; Taylor on Lan. & Ten. §§ 93, 96; 2 Brick. Dig. 109, § 8 et seq. The obligation here sued on was executed by the appellees while they were minors under the age of

21 years.   It was given for rent of land for the year 1878, being payable to their mother, and was afterwards assigned to the plaintiff.   Under this state of facts, the plea of infancy was good, and the court did not err in giving the charge requested by the defendants."

In the case last cited this court was dealing with the question of *rent past due,* and from the rented lands the defendants retained and sold the crops raised by them thereon during their tenancy.   True, in that case, the rent had not been paid; but, as already stated we find *no distinction* drawn by the courts with reference to the respective rights of the infant and his lessor in cases in which the rent is *past due* and *not paid* and when it *has been paid,* unless the rent paid could be held to be a payment by an infant for necessaries.

In the instant case, if the instrument is a lease—upon which we express no opinion—the plaintiff was entitled to the judgment which in this case he obtained.   The lease representing nothing that was *necessary* for the infant, and he, in fact, derived *no benefit* whatever from it.   It seems to us that the opinion of the Court of Appeals in this case is in irreconcilable conflict with the doctrine announced by this court in *Eureka Company v. Edwards, supra,* and in *Flexner & Lichten v. Dickinson, supra.*   We take it that the rule is well established in this state, in keeping with the rule which applies in most of the states, that an infant's disaffirmance of his contract makes it void, and that *at law* he may always recover back what he has paid out on such contract, unless the money paid was for *necessaries,* without being required to make a tender of what he has received under the contract or to even attempt to put his adversary in statu quo.—1 Parsons on Contracts (9th Ed.) bottom pages 364, 365, 366, and 367, and authorities cited in the notes.

[Ex Parte McFerren.]

The above rule may, at times, work a hardship. The law must, however, have a definite policy, and its rules must be fixed. The law has fixed its policy with reference to the protection of infants with regard to their contracts, and those who deal with them, except when actually supplying them with necessaries, deal with them at their peril. In the instant case the wisdom of the law on the subject finds its justification, for this minor received nothing whatever from his bargain with the defendant.

2. There are some loose expressions in the books about when an infant may *avoid* or *affirm* his contracts. An infant may *avoid* his contracts either *before* or *after* he arrives at lawful age. He can affirm his contracts only after he arrives at lawful age.

3. The judgment of the court below was rendered upon an agreed statement of the facts. Upon those undisputed facts the plaintiff is entitled, as matter of law, to the judgment which, in the court below, was rendered in his favor. The judgment of the Court of Appeals is therefore reversed, and a judgment is here rendered affirming the judgment of the Birmingham city court.

4. The above opinion was prepared under the orders of this court to meet the views of all the members of this court on the questions discussed, except DOWDELL, C. J., and McCLELLAN, J., who dissent.

Reversed and rendered.