# Smoot *v*. Ryan.

## *Detinue.*

(Decided June 11, 1914.   65 South. 828.)

1. *Infants; Contracts; Disaffirmance;. Employment of Counsel.—* Where an infant has elected to disaffirm a sale, and whose father as his next friend had employed an attorney to recover the machine, the attorney should have been permitted to testify that he gave notice to defendant of the election of the infant to disaffirm the sale, and to rescind, and demanded a return of the machine, without reference to the fact whether the infant had the authority or power to employ an agent or attorney or not.

2. *Same; Contracts; Appointment of Attorney.—*Although an infant has no power to appoint an agent or attorney, and all contracts of that character are void and cannot be ratified, yet one acting as next friend of the infant may bring suit for the infant and appoint an attorney to conduct the same.

3. *Same; Disaffirmance.—*Disaffirmance of a contract between an infant and another is a privilege of the infant, which he may exercise when he becomes of age or within a reasonable time thereafter; the other party being bound unless the infant elects to disaffirm.

4. *Same.—*Where an infant elects to disaffirm his contract it becomes void ab initio and the parties revert to the same situation that they occupied before the making of the contract.

5. *Same.—*Disaffirmance of a contract by an infant is largely a question of intention to be indicated by some unequivocal act of the infant manifesting an intention to disaffirm.

6. *Same; Plea of Infancy; Institution of Suit.—*In a suit to recover property sold by an infant the institution of the suit and a plea of infancy filed constituted a sufficient disaffirmance of the contract.

7. *Same; Necessities.—*While the general rule is that an infant does not bind himself by his contract, he does bind himself as to contracts for necessities, if equal and reasonable; he may make such contracts if beneficial to him.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by I. D. Smoot by his next friend, against J. H. Ryan, in detinue to recover an automobile. Judgment for defendant and plaintiff appeals. Reversed and remanded.

H. K. WHITE, for appellant. Counsel discuss the errors assigned, but without citation of authority.

L. J. HALEY, for appellee. No brief reached the Reporter.

MAYFIELD, J.—Appellant, a minor 19 years of age, suing by his father as next friend, brought this action of detinue against appellee, to recover an automobile. Plaintiff's sole right to recovery depended upon his right to rescind the sale of the machine made by him to the appellee.

The evidence without dispute showed that the infant plaintiff had rescinded the sale. On the trial, when the plaintiff sought to prove by his attorney the rescission, and demand for the possession of the chattel, and the defendant's refusal to deliver, the trial court declined to allow such proof to be made, proceeding upon the theory that an infant cannot appoint an agent or attorney, nor ratify such appointment after it is made.

The trial court fell into error, by acting on the theory that, because the contract of an infant appointing or creating an agent or attorney is void, the attorney of the infant cannot make demand for his property, nor communicate to the defendant the fact that the infant has rescinded.

If the infant had sought to recover upon a contract of his, which was an attempt to appoint or create an

agency or a power of attorney, he could not have recovered, because such contract would have been void; but this was not the case here; his right to recover did not depend upon any contract appointing an agent or an attorney. The infant himself rescinded the contract; and the next friend employed an attorney and directed his actions in the conduct of the suit. That is what the next friend is for; the statute requiring the infant to sue by next friend was called into existence because the infant cannot appoint an agent or an attorney.

The evidence offered by the plaintiff in this case, the testimony of his attorney, was sought to be introduced to establish merely the notifying of the defendant that the infant had rescinded, and the demanding of the property before suit brought, with tender back of the consideration therefor. While it might not have been necessary (but as to this we do not decide), it was competent and relevant evidence; and was not rendered inadmissible by the simple fact that it was the testimony of the attorney of record for the infant. There was no question raised or attempted to be raised, on the trial, that the attorney of record was not properly authorized by the next friend to bring the suit and recover back the property which the infant had sold or traded to the defendant.

The attorney here clearly had the right and authority to do what the plaintiff offered to show he did; and the court erred in declining to allow the proffered testimony of the attorney, White.

The law is unquestionably settled in this state that an infant cannot appoint an agent or an attorney, and that all contracts to that effect are void and cannot be ratified, and will not support an action; yet this rule of law afforded no basis for the ruling of the trial court in this case, declining to allow the attorney employed

[Smoot v. Ryan.]

to recover the property to testify that he, as such attorney, notified the defendant of the rescission, and offered to restore to him the consideration received by the plaintiff, and demanded of him the property in controversy.

The trial court having declined to allow the plaintiff to make this proof, upon the ground that the infant could not appoint an attorney, and having notified the defendant that he would give the affirmative charge for him, the plaintiff properly took a voluntary nonsuit, with a bill of exceptions, as is authorized by section 3017 of the Code.

The record in this case sufficiently shows that the nonsuit was in consequence of these adverse rulings upon the admission of evidence. These rulings are properly shown by the bill of exceptions, as is also the fact that the appeal was taken in order to review such rulings.

As the judgment in this case must be reversed and a new trial ordered, we state or restate a few of the principles of law applicable to contracts of infants.

The questions as to what contracts of infants are void, and what voidable, and, in the latter case, what act or acts shall be deemed a disaffirmance, and what, a ratification, are questions which have been much discussed, and in respect to which there are conflicting authorities. It is not our intention now to review them; some of them, however, are well settled in this state.

It is the privilege of the minor only to disaffirm the sale or contract, and, until he does so, the other party is bound by it. The minor, when he becomes of age, may regard the contract as beneficial, and choose to affirm it, if, however, he elects to disaffirm it, he annuls it on both sides, ab initio, and the parties revert to the the same situation as if the contract had not been made.

[Smoot v. Ryan.]

Until some notice is given by the minor of his purpose to annul the contract, or he does some act significant of that intention, the other party is bound, and cannot reclaim the property nor treat the contract as void or voidable.—*Boyden v. Boyden*, 9 Metc. (Mass.) 519.

Mr. Parsons, in his work on Contracts, has thus stated the rules of law (pages 294, 295):

"As a general rule, the contract of an infant is said to be not void but voidable. That is, he may, either during his minority, or within a reasonable time after he becomes of age, avoid the contract if he will; or when he reaches the age of 21, if he sees it to be for his benefit, and chooses so to do, he may confirm and enforce the contract. It has been said that, whatever contract the court can see and declare to be to his prejudice, that will be pronounced void; and whatever contracts are not clearly to his prejudice, but may be useful, these will be held voidable. And in reliance on this principle as a safe and sufficient rule, an infant's warrant of attorney authorizing a conveyance of his land, a confession of a judgment, against him and his cognovit for the same purpose, although the action was wholly for necessaries, or his appointment of an agent of any kind, his bond with a penalty, or for the payment of interest, a release by a female infant to her guardian, an anfant's contract of suretyship, his release of his legacy or distributive share in an estate, and a mortgage by an infant wife of her reversionary interest, for the purpose of securing the debts of a partnership in which her husband was a partner, have each been declared to be absolutely void. The better opinion, however, as may be gathered from the later cases, cited in our notes, seems to be that an infant's contracts are, none of them, or nearly none, absolutely void; that is, so far void that he cannot ratify them after he arrives at the age of legal

majority. Such, at least, is the strong tendency of modern decisions."

Of the rules thus stated by Mr. Parsons, this court, per Stone, C. J., has spoken as follows (*Philpot v. Bingham*, 55 Ala. 439) :

"It is declared in the adjudged cases, and in the elementary books, that a power of attorney to sell lands, a warrant of attorney, or any other creation of an attorney, by an infant, is absolutely void.—*Lawrence v. McArter*, 10 Ohio, 38, 42; *Pyle v. Cravens*, 4 Litt. [Ky.] 17, 21; *Bennett v. Davis*, 6 Cow. [N. Y.] 393; *Fonda v Van Horne*, 15 Wend. [N. Y.] 636 [30 Am. Dec. 77]; *Knox v. Flack*, 22 Pa. 337; Tyler on Infancy, 46, 47; 1 Am. Lead. Cas. (5th Ed.) 247 in margin; *Saunders v. Mann*, 1 H. Bla. 75; *Tucker v. Moreland*, 10 Pet. 58, 68 [9 L. Ed. 345; 2 Kent's Comm. p. 235. So, in Alabama, it has been said, 'an infant cannot appoint an agent.' —*Ware v. Cartledge*, 24 Ala. 622 [60 Am. Dec. 489]. In *Weaver v. Jones*, 24 Ala. 424, C. J. Chilton said: 'The better opinion, as maintained by the modern decisions, is that an infant's contracts are none of them (with, perhaps, one exception) absolutely void by reason of nonage; that is to say, the infant may ratify them, after he arrives at the age of legal majority.' C. J. Chilton refers to Parsons on Contracts in support of this proposition. Looking into that work (244), it is clear that he means to except from the operation of the general rule, laid down by him, those contracts of an infant, by which he attempts to create an attorney or agency. From such an array of authorities, sanctioned as the principle has been by this court, we do not feel at liberty to depart, although the argument in favor of the exception is rather specious than solid."

As we have pointed out above, this rule as to appointing attorneys and agents had no application to this case.

This action did not depend upon a contract appointing an agent or attorney. The infant annulled or avoided the contract, and the attorney was merely effectuating, by suit, the act of the infant. The next friend acts for the infant, in the conduct of the suit, employing attorneys, etc. This is the object of the law requiring the infant to sue by next friend.

If the ruling of the trial court was correct, then there could never be an attorney to conduct the suits of infants. The infant himself avoids the contract, and this has the effect to render it void ab initio, not merely prospectively. The effect of the infant's avoidance of a contract is not a partial destruction of the contract; it is a total one. A partial destruction of the contract might not afford any relief at all to the infant. After the infant avoids the contract, the parties are left to their rights and remedies, just as if there had never been any contract at all.

But there are certain instances where the infant is required to restore the consideration received by him, though that question is not involved so far, in this case, as the infant by his attorney offered to restore the consideration.

While the general rule is that an infant does not bind himself by his contracts, there is an exception to this rule, that he does bind himself as to contracts for necessaries if equal and reasonable; that is, he may make such contracts, which are beneficial to him.

A disaffirmance of the contract by the infant is largely a question of intention, to be indicated by some act of the infant. Any act of the infant unequivocally manifesting an intention to disaffirm his contract will be sufficient for the purpose. Many illustration may be found in note to case of *Craig v. Varn Bibber*, 18 Am. St. Rep. 664.

[Ex Parte Summerville.]

A plea of infancy filed is held to be a sufficient disaffirmance, and certainly the bringing of a suit to recover back the property sold is a disaffirmance.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.