(82 South. 644)

**ANDERS v. WALLACE.** (8 Div. 609.)

(Court of Appeals of Alabama.  June 3, 1919.)

1. APPEAL AND ERROR ☞1078(1)—ASSIGNMENTS OF ERROR—WAIVER.

Assignments of error not insisted upon in appellant's brief will be treated as waived.

2. EVIDENCE ☞471(17) — CONCLUSION OF WITNESS.

In an action against an automobilist for injuries to a mule, the court properly sustained plaintiff's objection to the question, "Was there any occasion for a signal at that time?" the question calling for a conclusion or opinion of the witness.

3. APPEAL AND ERROR ☞1060(3)—HARMLESS ERROR—ARGUMENT OF COUNSEL.

In an action against an automobilist for injuries to a mule, a statement by plaintiff's counsel in argument, "But it is powerful hard to get a judgment against automobile owners," was merely an opinion or observation of counsel, and refusal to exclude it could not result in prejudice to defendant.

4. TRIAL ☞295(1) — INSTRUCTIONS — CONSTRUCTION AS A WHOLE.

In determining whether an oral charge was erroneous, it must be considered in its entirety, or as a whole.

5. TRIAL ☞260(1) — REQUESTED INSTRUCTIONS—REFUSAL.

Requested charges covered by given charges were properly refused.

6. APPEAL AND ERROR ☞270(2) —MATTERS REVIEWABLE—EXCEPTION.

In the absence of an exception reserved to the action of the court in overruling a motion for a new trial, the ruling will not be reviewed on appeal.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 153.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by L. T. Wallace against Sam Anders. Judgment for plaintiff, and defendant appeals. Affirmed.

Sample & Kilpatrick, of Cullman, for appellant.

Callahan & Harris, of Decatur, for appellee.

BRICKEN, J. Plaintiff in the court below (appellee here) brought suit against appellant for damages for injuries to a mule of appellee by an automobile of appellant.

From a judgment in favor of appellee, this appeal is taken, and appellant assigns as error the overruling of demurrers to the complaint; the rulings of the court upon the testimony; the giving and refusal of special written charges; a portion of the oral charge of the court, and the refusal of the court to exclude a portion of the argument of plaintiff's counsel from the jury; and the overruling of a motion for a new trial.

[1] The first, second, third, and fourth assignments of error are based upon the action of the court in overruling demurrers to the complaint. These assignments of error are not insisted upon in appellant's brief, and, under the uniform rulings of this court and the Supreme Court, will be treated as waived. Fealy v. Birmingham, 15 Ala. App. 367, 73 South. 296; Johnson v. State, 152 Ala. 93, 44 South. 671; Western Ry. of Ala. v. Russell, 144 Ala. 143, 39 South. 311, 113 Am. St. Rep. 24; Rosenau v. Powell, 184 Ala. 396, 63 South. 1020.

The fifth, sixth, and seventh assignments of error are not insisted upon in appellant's brief, and therefore will be treated as having been waived.

[2] The eighth assignment of error is based upon the action of the court in sustaining plaintiff's objection to the question, "Was there any occasion for any signal at that time?" which question was propounded to defendant while testifying as a witness in his own behalf. There was no error on the part of the court in this connection, as the question clearly called for a conclusion or opinion of the witness. He should have stated the facts, and it was for the jury to determine whether the necessity or occasion for a signal to be given existed.

[3] The ninth assignment of error is predicated upon the action of the court in refusing to exclude the following part of the argument of plaintiff's counsel to the jury: "But it is powerful hard to get a judgment against automobile owners." We are unable to see how this ruling, if error, could result in such injury to appellant as would justify a reversal of the case. It was not a statement of any fact bearing upon the case, but merely an opinion or observation of counsel.

Bridgeforth v. State, 16 Ala. App. 584, 80 South. 158. Furthermore, the assignment is not borne out by the record.

[4] There was no error in the portion of the court's oral charge excepted to. When the oral charge is considered in its entirety, or as a whole, which under the law we are required to do, it is free from error. Fuller v. State, 16 Ala. App. 163, 75 South. 879.

We have carefully examined the charges given at the request of the plaintiff, and are of the opinion that they are not subject to the criticisms made by counsel for appellant.

[5] The charges refused to appellant were covered by the oral charge of the court and by the charges given at the request of the defendant.

[6] There was no exception reserved to the action of the court in overruling the motion for a new trial, and, in the absence of an exception, that ruling will not be reviewed by this court. Powell v. Folmar, 201 Ala. 271, 78 South. 47; Ross v. State, 16 Ala. App. 393, 78 South. 309.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.