**31 So.2d 311**

**TATUM v. MONTGOMERY BANKING CO.**

3 Div..885.

Court of Appeals of Alabama.

June 30, 1947.

O. C. Maner, of Montgomery, for appellant.

Wm. F. Thetford, of Montgomery, for appellee.

**CARR, Judge.**

On June 6, 1946, James Ward, a minor, borrowed a sum of money from the Montgomery Banking Company. To secure the loan, Ward gave a mortgage on an automobile. On July 2d following Ward sold the mortgaged car to D. L. Tatum, one of the defendants in the court below. On July 15, 1946, the minor made a monthly payment on the indebtedness to the mortgagee. It was not until some time in August, 1946, that the banking company learned that the car had been sold as indicated. No other payments were made on the mortgage debt.

This suit is by the Montgomery Banking Company against D. L. Tatum and others for the conversion of the automobile and also for damages for the destruction of the mortgage lien. The cause was tried by the court below without the aid of a jury and resulted in a judgment in favor of the plaintiff. The defendant, Tatum, alone, brings this appeal.

Appellee stresses the position here that there is not a full compliance with Supreme Court Rule 1, Code 1940, Tit. 7 Appendix, in that the assignments of error are not sufficient. There are grounds for criticism on this point; however, in the state of the record on this appeal, we entertain the view that we do not violate the spirit of the above rule by reviewing the matter upon which insistence is made in brief of appellant's counsel.

The only question urged in brief is that the trial court should have held that the sale of the automobile by the minor was in legal effect a rescission of the contract with the plaintiff, and thereafter the mortgage agreement was void. The insistence follows that, because of this fact, no rights could be asserted against the purchaser of the car in the manner attempted in this case. We will cover only this question in our opinion. Memphis & C. R. Co. v. Martin, 131 Ala. 269, 30 So. 827; Anders v. Wallace, 17 Ala. App. 154, 82 So. 644.

It is a legal truism that an infant may avoid his contract either before or after he arrives at majority. Ex parte McFerren, 184 Ala. 223, 63 So. 159, 47 L.R.A., N.S., 543, Ann.Cas.1915B, 672. This may be done in various ways, the question of ultimate concern being did the act show an unequivocal renunciation of or a clear intent not to abide by the terms of the contract. 43 C.J.S., Infants, § 75(d), p. 173.

It is equally well established by the authorities that disaffirmance of a contract by a minor is largely a question of intention, and this must be determined by all the facts and circumstances indicating a purpose to be no longer bound by the contractual undertaking. Smoot v. Ryan, 187 Ala. 396, 65 So. 828.

We entertain the view that in the case at bar the fact that the infant sold the mortgaged property did not of itself close the mind of the court against a further inquiry into the evidence to ascertain whether or not the minor intended to avoid the contract. It is without dispute in the record that the mortgagor made one monthly payment on the mortgage indebtedness after he sold the automobile. There was other testimony relating to the sale transaction that the court was privileged to consider and weigh.

This conclusion imposes upon us the duty to apply the familiar rule which governs the appellate courts in matters of reviewing the judgments of lower courts which are rendered without the aid of a jury. Pinckard et al. v. Cassels, 195 Ala. 353, 70 So. 153; Hampton v. Stewart, 240 Ala. 2, 194 So. 509; Winter-Loeb Gro. Co. v. Mutual Warehouse Co., 4 Ala.App. 431, 58 So. 807; Cleckler v. Childress, 16 Ala. App. 562, 80 So. 136.

We are convinced that the judgment of the court below should not be disturbed. It is ordered, therefore, that it be affirmed.

Affirmed.