139 So.2d 345

**J. L. SMITH, d/b/a Smith Motor Company,**

v.

**Billy Gene SMITH, pro ami.**

**4 Div. 438.**

Court of Appeals of Alabama.

Sept. 5, 1961.

Rehearing Denied Oct. 17, 1961.

---

1. Ante, p. 353.

Lee & McInish, Dothan, for appellant.

J. Hubert Farmer, Dothan, for appellee.

CATES, Judge.

This is an appeal from a judgment for $150 in favor of a minor against the buyer of an automobile. The action was for conversion because of the inability of the buyer to restore the car to the minor on his claimed disaffirmance of his sale.

Appellant's brief gives the facts thus:

March 14, 1959, appellee sold a 1949 Ford automobile to appellant for $75. March 16 or 17, appellee's father [1] went to appellant's place of business and offered $75 or $80 for the return of the automobile. The automobile had been sold at that time. "Appellee personally never attempted to recover the automobile nor did he advise Appellant that he was disaffirming the contract of sale." Suit was filed April 7.

On motion for new trial the court admitted error in permitting evidence of the plaintiff's father (also next friend in the action) acting to disaffirm for his son.

This we do not consider error for either or both of two reasons: (1) The father merely carried his son's message and tender, in nowise seeking to bind his son to a further bargain, the son already having decided on disaffirmance; (2) the father could act for his son either (a) because he presumptively is his son's next

---

1. Appellant's brief, in argument, quotes the son as testifying, "I told him to go see if he could get the car back."

**405**

friend, other things equal, or (b) because under the "modern" view an infant may act by an agent. Restatement, Agency 2d, § 20c (Vol. 1, p. 91), citing Woodson v. Hare, 244 Ala. 301, 13 So.2d 172; Stone, Liability for Damage Caused by Minors, 5 Ala.L. Rev. 1, at 28, 29; Williston, Contracts (2d Ed.), § 227A (Vol. 2, p. 12, fn. 1).

■ Thus, we need not rely, as did the court below, on Smoot v. Ryan, 187 Ala. 396, 65 So. 828, for the view that the filing of an action (as distinguished from a "suit" in equity for rescission) is ipso facto a disaffirmance. It seems somewhat incongruous to have a cause of action which does not arise (because there is no conversion before avoidance by the infant) until the complaint is filed for its redress. Betts v. Carroll, 6 Mo.App. 518.

Affirmed.

## On Motion for Rehearing.

The appellant urges that under our opinion an infant could appoint an agent to purchase and so put disaffirmance beyond his reach.

Such a rule is not within the premised facts of this case which is solely concerned with the mode of disaffirmance. Regarding this, the appellee has called our attention to Judge Carr's views in Tatum v. Montgomery Banking Co., 33 Ala.App. 186, 31 So.2d 311 (infant's sale of a mortgaged car *might* evidence a disaffirmance of a prior chattel mortgage).

■ The expression used there—albeit dictum—is that of established authority to the effect that disaffirmance is largely a question of intention. Intention uncommunicated is only a state of mind. But seemingly the slightest outward act showing the mental act is enough to support the trial court unless the evidence preponderates otherwise. See 43 C.J.S. Infants § 75.

Application overruled.