PER CURIAM.
Because the judgment appealed from must be reversed in part and the cause remanded for a redetermination of the attorneys’ fees, a full recital of the context within which this fee issue arose is unnecessary. Suffice it to state only a few background facts.
Pearline Huffman Malone, the purported widow of Moses Malone and the mother of his two minor children, retained C. Knox McLaney III and J. Doyle Fuller, lawyers, to represent her and her minor children as the alleged lawful widow and children of Moses Malone, deceased. She agreed to pay these lawyers a contingency fee of *933 one-third of any recovery from the estate on behalf of herself and her minor daughters. Upon their discovery that the estate was already being administered, Pearline Malone’s lawyers filed an objection to the granting of letters of administration to Annie Askew Gray, and asserted the respective claims of Malone and her children. Shortly thereafter, the administration of the estate was removed to circuit court.
When the administratrix filed a petition to sell the property of the estate, Stephen M. NeSmith was appointed as guardian ad litem to represent the interests of Pear-line’s minor children. When Gray was removed as administratrix and Pearline Malone was appointed as the new administra-trix, Malone retained the services of another lawyer, Wayne P. Turner, to represent her as personal representative of the estate of Moses Malone, deceased. After certain discovery procedures and preparation for trial, a settlement agreement was entered into among all of the parties whereby the entire estate was awarded to the minor children.
Thereafter, McLaney and Fuller filed a motion for an award of attorneys’ fees, claiming that they were hired to represent the interests of Pearline Malone, Kemmie Malone, and Maria Malone; and, further, because the minor daughters were awarded the entire estate, they were entitled to a fee equal to one-third of the value of the estate. The guardian ad litem filed an objection, contending that McLaney and Fuller were representing only Pearline Huffman Malone and not her minor children. After a hearing, the circuit judge awarded one-third of the estate of the deceased to McLaney and Fuller as attorneys’ fees. From this judgment, the guardian ad litem appeals.
We affirm that portion of the judgment holding that McLaney and Fuller are entitled to attorneys’ fees to be paid out of the proceeds of the estate; but we reverse that portion of the judgment holding that the amount of the fee is determined by the one-third contingency agreement between Malone and her original lawyers.
Initially, we reaffirm the general rule recognized by a majority of jurisdictions that parents, as next friends, are authorized to contract for payment of a reasonable fee for legal services rendered on behalf of their minor children. For a collection of the cases so holding, see Annot., 7 A.L.R. 108 (1920) and 7 A.L.R. 1011 (1920); see, also, Smoot v. Ryan, 187 Ala. 396, 65 So. 828 (1914). The application of that rule has its limitations, however, where, as here, the interests of the parent and her minor children are antagonistic. See English v. Miller, 370 So.2d 968 (Ala.1979).
The conflict of interest between the mother and her minor children is apparent on the face of the initial claim filed by the mother’s retained counsel, in that the petition alleged that Pearline Malone was the lawful widow of Moses Malone, a claim that was not abandoned until after the children’s guardian ad litem was appointed and assisted in effecting the settlement. For the rights of a child to inherit from his father whether or not his mother and father are married, see Code 1975, § 43-8-48. To be sure, the trial court’s appointment of NeSmith as guardian ad litem was in recognition of the necessity for independent counsel on behalf of the children. Except for the antagonistic interests, as between the mother and her minor children, it would have been entirely appropriate to appoint the mother’s choice of counsel as guardians ad litem for the children.
This is not to say that McLaney and Fuller did not render a favorable legal service to the minors in the assertion of their claims, a service for which they should be compensated from the proceeds of the estate. But the award of an amount equal to one-third of the value of the estate is far out of proportion to a reasonable fee for their services rendered prior to the appointment of NeSmith as guardian ad litem. See Peebles v. Miley, 439 So.2d 137 (Ala.1983). Because the trier of fact is best suited to determine a reasonable award for these limited services, we remand the cause *934 for further proceedings consistent wnth this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.