STEAGALL, Justice.
This petition for writ of mandamus arises from an alleged error on the part of the trial court in reducing a contingent attorney fee set by a contract between a minor’s parent and the minor’s attorneys.
Bridgett McMurtrey, a minor, and Jacqueline McMurtrey, her mother, were injured in an automobile accident in Lauder-dale County. Bridgett’s father — Jacqueline’s husband — employed Harold G. Peck and John 0. Morrow, Jr., doing business as Peck and Morrow, Attorneys at Law, to represent his wife and daughter in their claims arising out of the automobile accident. He signed a one-third contingent fee agreement between “Peck and Morrow, Attorneys at Law” and “Jackie McMurtrey and Jimmy McMurtrey, individually, and as the ... parents of Bridgett McMurtrey.” [1] Jacqueline McMurtrey did not sign that contract.
Peck and Morrow negotiated a settlement for Bridgett with the defendants in this case. After a pro ami hearing, the trial court approved the settlement, but reduced the contingent fee from one-third to one-fifth. Peck and Morrow then filed this petition for a writ of mandamus, requesting that this Court order the trial court to amend its final judgment to provide a one-third attorney fee or, alternatively, that this Court vacate the final judgment and remand the cause for another circuit judge to reconsider the fee and for Peck and Morrow to be made parties to the lawsuit and to be afforded due process and equal protection as to their rights under the contingent fee contract.
Peck and Morrow first contend that because they were not parties to the lawsuit, the trial court lacked jurisdiction over them to reduce their attorney fee. Because the trial court had jurisdiction in this case, however, it had the authority to decide every question duly presented or arising in the case. Cobbs v. Norville, 227 Ala. 621, 151 So. 576 (1933). The question of the attorney fee arises out of this case and is a collateral matter over which the trial court had jurisdiction.
Peck and Morrow further contend that the parents of a minor have the authority to contract for payment of a reasonable attorney fee for legal services rendered on behalf of the minor and that the trial court abused its authority in reducing the attorney fee agreed upon. In Malone v. Malone, 491 So.2d 932 (Ala.1986), this Court reaffirmed “the general rule recognized by a majority of jurisdictions that parents, as next friends, are authorized to contract for payment of a reasonable fee for legal services rendered on behalf of their minor children.” 491 So.2d at 933. In that case, the cause was remanded in order for the trial court to determine the reasonableness of the attorney fee.
In Peebles v. Miley, 439 So.2d 137 (Ala.1983), this Court set forth the following factors to be considered by the trial court in determining the reasonableness of an attorney fee:
1. “the nature and value of the subject-matter of the employment,”
2. “the learning, skill, and labor requisite to its proper discharge,”
3. “the time consumed,”
4. “the professional experience and reputation of the attorney,”
5. “the weight of his responsibility,”
6. “the measure of success achieved,”
*429 7. “the reasonable expenses incurred by the attorney,”
8. “[wjhether a fee is fixed or contingent,”
9. “[tjhe nature and length of a professional relationship,”
10. “[tjhe fee customarily charged in the locality for similar legal services,”
11. “[tjhe likelihood that a particular employment may preclude other employment,” and
12. “[tjhe time limitations imposed by the client or by the circumstances.”
439 So.2d at 140-41. (The first six factors were quoted from T.S. Faulk & Co. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450 (1912); the seventh factor was added in King v. Keith, 257 Ala. 463, 60 So.2d 47 (1952); and the last five factors were adopted in Peebles from DR 2-106(b) of the American Bar Association’s Model Code of Professional Responsibility (1982).) We further noted in Peebles that “[ojur cases recognize that an attorney on a contingent fee basis is entitled to charge more than an attorney who is guaranteed compensation by periodic billings.” 439 So.2d at 142.
A reviewing court must be able to ascertain from the record what factors the trial court considered in awarding the attorney fee. Van Shaack v. AmSouth Bank, N.A., 530 So.2d 740 (Ala.1988). Nothing before us indicates that the trial court heard any evidence of the reasonableness of the attorney fee that would support a consideration of the 12 factors set out in Peebles. We, therefore, remand this cause to the trial court to give the parties an opportunity to present evidence of the reasonableness of the agreed-upon attorney fee. If the court finds that fee to be a reasonable one, then it is directed to amend the final judgment to provide a one-third attorney fee; if it finds that that fee was not a reasonable one, then it is to set out its reasons for the lesser award.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES and ADAMS, JJ., concur.
HOUSTON, J., dissents.

. The contract was signed by "James H. McMur-trey, Jr.”; however, throughout this petition, Bridgett’s father is referred to as “Jimmy McMurtrey."